Best, Appellant, *v.* Williamsport Staple Company.

*Negligence—Master and servant—Dangerous machine—Voluntary exposure to danger—Nonsuit.*

Where a man twenty-three years of age employed for three weeks in a harness factory at a machine for pressing pieces of leather, attempts to clean the rolls while they are in motion, and is injured by doing so, his action in unnecessarily and voluntarily exposing himself to manifest danger, will relieve his employer from all liability for his injuries.

Argued March 18, 1907.    Appeal, No. 265, Jan. T., 1906, by plaintiff, from order of C. P. Lycoming Co., Sept. T., 1903, No. 386, refusing to take off nonsuit in case of Charles W. E. Best v. Williamsport Staple Company.  Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.

HART, P. J., described the accident as follows :

The plaintiff was employed by the defendant to operate a machine for the pressing of pieces of leather.  The machine was of simple construction, consisting of two metal rolls revolving toward each other in open view, the motion being imparted by belt, pulley and cog gearing operated from a line shaft, a loose pulley being also provided to stop the machine by a shifting belt moved from operating pulley to the loose pulley.

The machine was also provided with a foot treadle, by which the space between the rolls was so regulated that

they could be made to revolve quite close together, or could be separated as much as an inch. At the time of the injuries complained of the foot treadle was fastened to the floor, and the belt was made to shift on to the loose pulley by the use of a stick or a piece of leather or other substance held in the hand of the operator, or by his hand alone being placed against the belt, and in that way the machine put out of gear and the motion of the rollers stopped.

The leather was fed into the rollers from a horizontal table by the hands of the operator.

Charles W. E. Best, the plaintiff, had been in the employ of the defendant for some three weeks on this machine ; was twenty-three years of age and a person of ordinary intelligence.

When he began his employment he was instructed by the foreman how to operate the machine, but was not instructed how to clean the rolls. During this employment he frequently stopped the motion of the machine by shifting the belt to the loose pulley, at times, by using his hand, or by using a stick or a piece of leather, as most convenient.

The plaintiff, on the day of the injuries complained of, was directed by the foreman to clean the rolls so that russet leather might be rolled without soiling. The plaintiff proceeded to clean the rolls from the front by the use of waste without stopping the motion of the machine. The waste caught in the rolls was pulled in between them and with it the right hand of the plaintiff, whereby his hand was crushed and injured. He was released by the foreman, who was near by, stopping the machine.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*H. T. Ames,* of *Ames & Hammond,* for appellant.

*Clarence E. Sprout* and *John E. Cupp,* for appellee, offered no oral argument.

PER CURIAM, May 13, 1907 :
Whether the absence of a guard was negligence in the de-

fendant, or whether it was the proximate cause of the injury, need not be discussed. The plaintiff's action in attempting to clean the rolls while they were in motion was an unnecessary and voluntary exposure to manifest danger, for the consequences of which his own negligence is alone responsible.

Judgment is affirmed.