# Devine, Appellant, v. Simons.

*Negligence—Master and servant—Dangerous machinery—Infant.*

In an action by a girl fourteen years old against her employer to recover damages for personal injuries in which the negligence averred is failure to provide safe appliances and place to work and failure to give necessary instructions, a non-suit is properly entered where it appears that the plaintiff was employed as an errand girl in the defendant's factory to carry jewelry; that at the time of the accident she lost a button from a tray, near a table under which a revolving shaft was operated; that the foreman without giving her any express orders to hunt for the button under the table indicated by a wave of the hand that the button might be there; that the plaintiff crawled under the table and was injured by her hair being caught in the revolving shaft; that when the accident actually occurred the foreman was not present; and that the machinery was neither unsafe nor improperly constructed for its intended use.

Argued Jan. 17, 1912. Appeal, No. 173, Jan. T., 1911, by plaintiffs from order of C. P. No. 3, Phila. Co., March T., 1907, No. 4689, refusing to take off non-suit in case of Margaret M. Devine by her father and next friend, Patrick Devine, and Patrick Devine v. John F. Simons et al, trading as Simons Bros. & Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The facts relating to the accident are stated in the opinion of the Supreme Court. It further appeared that at the time of the accident Margret M. Devine was fourteen years of age.

*Error assigned* was order refusing to take off nonsuit.

*William H. Wilson,* with him *Joseph P. Rogers* and *Francis M. McAdams,* for appellants.—The case was for the jury: Rumell v. Dilworth, 111 Pa. 343; McNees v. Sims, 231 Pa. 386; Escher v. Southwark Mills Co., 221 Pa. 180; Mapes v. Pittsburgh Provision & Packing Co., 31 Pa. Super. Ct. 453; Lewis v. Seifert, 116 Pa. 628; Prevost v. Ice and Refrigerating Co., 185 Pa. 617; Reese v. Hershey, 163 Pa. 253; Fick v. Jackson, 3 Pa. Super. Ct. 378; Bannon v. Lutz, 158 Pa. 166; Hollis v. Widener, 221 Pa. 72; Wheeler v. Oak Harbor Head Lining & Hoop Co., 126 Fed. Repr. 348; Camp v. R. R. Co., 94 Mo. App. 272 (68 S. W. Repr. 96); Westervelt v. Dives, 231 Pa. 548; Bollinger v. Crystal Sand Co., 232 Pa. 636; Jones v. American Caramel Co., 225 Pa. 644; Fegley v. Lycoming Rubber Co., 231 Pa. 446.

*F. B. Bracken* of *Loughlin & Bracken,* for appellees.

OPINION BY MR. JUSTICE ELKIN, March 18, 1912:

At the trial the plaintiffs offered their testimony and rested, whereupon the learned court below directed judgment of non-suit to be entered upon motion of counsel for defendants. The decision was put upon two grounds; first, that the evidence failed to disclose any negligence on the part of defendants, and, second, that the facts clearly showed the injured daughter to be guilty of contributory negligence. Either ground, if the facts warranted the conclusion reached, would be sufficient to

sustain the judgment. In actions for personal injuries there is not much difficulty as to the general principles of law which should govern, but there is always a question as to their application under the facts. In undertaking to determine the rights of the parties involved in the case at bar, as in all other cases of like character, we must look to the facts for guidance in solving the vexed questions raised. The negligence relied on was failure to provide a safe place to work, and failure to properly instruct as to the dangerous character of the machinery used in the factory. The statement of claim averred that it was "the duty of said defendants to provide a safe place for this plaintiff to work, and to equip their said factory with proper and safe tools, machinery and shafting, and to refrain from any and all negligence and carelessness in the equipment and maintenance of the said tools, machinery and shafting in their said factory." It was further charged to have been the duty of defendants to give the plaintiff "all necessary instructions and advice, and to inform her of the dangerous character of the places and machinery about which she was told to work, especially so, before changing her course of employment, or instructing or permitting her to do anything for them which was of a dangerous character, or required her to go into a place of danger." The evidence did not show, nor tend to show, that the "tools, machinery and shafting" with which the factory was equipped was either unsafe or not properly constructed for the use intended. As we understand the contention of the learned counsel for appellants, the safety of the tools, machinery and shafting, as measured by the requirements of the business, is not seriously questioned, and certainly it could not be under the evidence. However, it is earnestly contended that the shafting was not sufficiently guarded to protect employees who had occasion to work near it, and this is the ground upon which appellants rely to ask a reversal of the judgment entered by the court below. But the statement of claim does not

charge any such negligence, nor is it averred that failure to perform this particular duty is relied on to sustain a recovery. The defendants were engaged in the jewelry business, in the conduct of which they maintained a factory, on the fifth floor of which was located, what has been called in the trial of the case the polishing room. At one side of this room, extending for a distance of forty feet, was a table, the top of which was about three feet wide, and at the side of which was an apron six inches in width. Underneath the table, running longitudinally with it, about eighteen inches above the floor, was the shafting which by means of cogwheels connected with the various machines, used for polishing purposes, located on top of the table. It also appears that in front of the table, running the entire length of it, and fifteen or eighteen inches above the floor, was a foot rest seven inches wide which served not only as a convenience for the operatives, but as a barrier to protect those standing in front of the table from coming in contact with the revolving shafting. The shafting was located on a level with the foot rest, back toward the rear of the table, some eighteen or twenty inches from the front of it. The photographs exhibited show that the wheels and belting which operated the shaft were guarded by being boxed. Under these facts it is very doubtful, to say the least, whether the proofs made out a case of negligence for the jury, but without reference to the negligence of the defendant, it is clear, that the plaintiff had no duty to perform that required her to crawl under the table and thus come in contact with the shafting protected as above indicated. She could not reach the shafting without getting under the table and crawling either under or over the seven-inch wide foot rest. She was employed as an errand girl, and her duties required her to carry jewelry from the office to the polishing room, and when finished, to return it to the office. The accident happened while she was hunting for a button which had been lost from a tray on which she carried the jewelry. It is argued

that the foreman ordered the girl to hunt for the button under the table and that it was his duty to instruct her as to the danger of coming in contact with the shafting. The difficulty about this position is, the facts do not show that the girl was instructed to hunt for the button under the table, or that she had any duties to perform that required instructions as to the use and dangers of the machinery. It is true the plaintiff in explaining her actions said that the foreman, at the time he told her to hunt the button, indicated by a wave of the hand that it might be under the table. But this was her own conclusion, and she acted upon her own judgment, and not in obedience to any orders given her by anyone. It is not pretended that the foreman gave her any express orders to crawl under the table, or to hunt for the button there, and we do not think it is enough to charge the defendant company with negligence, or to relieve her from contributory negligence, that she may have thought the foreman by waving his hand indicated that the button might be under the table. In the light of the testimony it cannot be said that the plaintiff was ordered to perform any particular duty, at any particular place. She was told to hunt for the button, but not where to look for it. No one knew where the button was, else there would have been no occasion to hunt for it. When she did hunt for it she was required to use her senses as to open and obvious dangers which she might encounter, but it is evident she did not do so. The evidence does not show that the foreman who gave the order to hunt the button was present when the accident occurred. He was in and out of the room at different times, but evidently was not present when the girl crawled under the table, or this fact would have been shown. So far as is disclosed by the testimony, no one representing the defendant company was present when the girl crawled under the table, or knew that she did so, until after she was injured by reason of her hair coming in contact with the revolving shaft. Under these circumstances the learned

trial judge was clearly warranted in holding that she had voluntarily crawled under the table in the face of an open and obvious danger, and was precluded thereby from recovering damages for injuries resulting from her own carelessness. In this view of the case it is unnecessary to discuss the other questions raised by the assignments of error.

Judgment affirmed.