## Ralston *v.* Baldwin Locomotive Works, Appellant.

*Negligence—Master and servant—Guarding machinery—Act of May 2, 1905, P. L. 352—Contributory negligence—Case for jury.*

Plaintiff, a man about twenty-one years of age, employed by defendant as an operator of a machine for sawing steel and iron, was putting oil in three cups set in a casting on the top of his machine, at a point about three and one-half feet from the floor, when one of the plugs removed from a cup fell into a space back of the machine about two feet wide, which was in common use, particularly while the machine was being cleaned or oiled. Plaintiff went behind the machine while it was still running and picked up the plug, and while standing back of the machine about one or one and one-half feet from the point he was endeavoring to reach attempted to put the plug in place; while so doing his overalls were caught by an unguarded shaft located in the rear of the machine about two feet from the floor and six inches within its outside limits, and which had a collar with an exposed set screw upon it. In an action to recover damages for injuries so sustained, based upon a violation of the Act of May 2, 1905, P. L. 352, requiring the safeguarding machinery: *Held,* that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury, and a verdict and judgment in favor of the plaintiff should be sustained.

Argued Feb. 11, 1913.  Appeal, No. 242, Jan. T., 1912, by defendant, from judgment of C. P., Delaware Co., March T., 1911, No. 188, on verdict for plaintiff in case of Matthew Ralston, Jr., v. Baldwin Locomotive Works. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCH- ZISKER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,553.50.  Defendant appealed.

*Errors assigned* were the refusal to give binding instructions for defendant and refusal of motion for judgment n. o. v.

*William I. Schaffer,* for appellant.—The plaintiff in attempting to oil the machine without stopping it and especially in attempting to insert the plug in an oil cup three and a half feet from the ground from behind while leaning over the machine for the space of a foot and a half over top of a revolving shaft, was clearly guilty of contributory negligence in that he courted an obvious danger and attempted to perform a hazardous act in a manifestly dangerous manner when there was an obviously safer method provided by the employer which he might have used and which was known to him: Solt v. Williamsport Radiator Co., 231 Pa. 585; Best v. Williamsport Staple Co., 218 Pa. 202; Greiser v. Eddystone Mfg. Co., 227 Pa. 375.

*A. B. Geary,* for appellee.—That there was sufficient to warrant the finding that the defendant was negligent: Jones v. American Caramel Co., 225 Pa. 644; McCoy v. Wolf, 235 Pa. 571.

In order to justify the court in treating the question of contributory negligence as one of law, not only the

facts but the inferences to be. drawn from them must be free from doubt: McCafferty v. Penna. R. R. Co., 193 Pa. 339; Joyce v. B. & O. R. R. Co., 230 Pa. 1; Smith v. B. & O. R. R. Co., 158 Pa. 82; Penna. R. R. Co. v. White, 88 Pa. 327; McKeever v. Westinghouse Elec. & Mfg. Co., 194 Pa. 149.

OPINION BY MR. JUSTICE MOSCHZISKER, March 17, 1913:

The plaintiff, a man about twenty-one years of age, was employed by the defendant corporation as the operator of a machine for sawing steel and iron; on February 7, 1910, in the proper performance of his duties, he was putting oil in three cups set in a casting running along the top of this machine about $3\frac{1}{2}$ feet from the floor; he took a plug out of one of the cups, and in some manner it fell into a space back of the machine; this space was about 2 feet wide and was in common use, particularly when the machine was being cleaned or oiled; while the machine continued to run the plaintiff went behind it, picked up the plug and attempted to put it in place; in so doing he stood about 1 or $1\frac{1}{2}$ feet away from the point on the top of the machine which he was endeavoring to reach; an unguarded shaft was located in the rear of the machine extending its full length, about two feet from the floor and 6 inches within its outside limits; this shaft was about $2\frac{1}{4}$ inches in diameter and had a collar on it 6 inches in diameter fastened with a screw which extended slightly above its surface; as the plaintiff turned to place the plug his overalls were caught in the revolving shaft and he was injured by contact therewith. Judgment was entered on a verdict for the plaintiff, and the defendant has appealed from a refusal of judgment non obstante veredicto in its favor.

The appellant states the questions involved to be: "In an action to recover damages for personal injuries by an employee against his employer based on an al-

leged violation of the Act of May 2, 1905, P. L. 352, re-
quiring the safe-guarding of machinery.   (1) Was the
negligence of the defendant legally established?   (2)
Was the plaintiff guilty of contributory negligence as a
matter of law in performing the action resulting in the
injury in an obviously dangerous manner, when there
was known to him a safe method of performance?"
After reading the testimony we are not convinced of a
lack of sufficient evidence to justify the findings com-
prehended by the verdict.   No excuse or explanation was
given for not guarding the shafting which caused the
injury, and under the circumstances surrounding its lo-
cation the jury might well have concluded that it was
negligence to leave it unguarded.   While the jury might
have found the plaintiff guilty of contributory negli-
gence because he did not stop the machine or stand at
its front when he attempted to replace the plug, yet it
does not appear from the evidence that the course taken
by him was such an obviously unusual and dangerous
one as to convict him of contributory negligence as a
matter of law.

The assignments of error are overruled and the judg-
ment is affirmed.