# Dellasala *v.* Josephine Furnace and Coke Co., Appellant.

*Negligence—Master and servant—Assumption of risk—Binding instructions.*

1. A charge of negligence in failing to provide a bridge or scaffold on which a workman may stand while preparing a furnace, so

that he is obliged to use a ladder and suffers injuries in consequence of a fall therefrom, is not sustained where there is nothing in the evidence that connects the accident with any defect or want of sufficiency in the ladder, with the use of which the workman was perfectly familiar.

2. Where risks incidental to employment, which are quite as well understood by the employee as by the employer, are incurred by the employee, and from his familiarity with such risks such employee is equally able to measure the danger with his employer, no liability will attach to the employer for injuries sustained by the employee in consequence of exposure to such risks.

3. In an action of trespass to recover damages for the death of plaintiff's husband, who had been employed by defendant as a pipe fixer, it appeared that deceased had been directed to repair a pipe extending around a furnace at an elevation of about forty feet from the ground; that to reach this pipe he stood on a ladder which rested on a pipe about twelve feet from the ground where it was steadied by two men; that at the point where deceased was working there were large quantities of escaped gas; that he had made two trips and was only able to remain at the top of the ladder ten minutes when he was overcome by gas; that on his second trip he was compelled to lie down for three quarters of an hour; that other workmen had been made sick by the gas, which deceased well knew; that in his third attempt deceased again sickened at the top of the ladder and fell to the ground, sustaining injuries which caused death. *Held,* that deceased had voluntarily assumed the risk and that the court should have directed a verdict for defendant.

Argued October 13, 1913. Appeal, No. 127, October T., by defendant, from judgment of C. P. Indiana Co., September T., 1911, No. 129, on verdict for plaintiff in case of Nicolena Dellasala v. The Josephine Furnace and Coke Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's husband. Before TELFORD, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,416.66 and judgment thereon. Defendant appealed.

*Errors assigned* were, among others, in refusing to direct a verdict for defendant n. o. v.

*W. A. Stone,* of *Stone & Stone,* with him *J. Thomas Hoffman* and *John A. Scott,* for appellant.

*George J. Feit,* of *Peelor & Feit,* with him *Cunningham & Fisher,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

The plaintiff's husband was an employee of the defendant company. His appointed work was that of pipe fixer, the keeping in repair the various pipes throughout the furnace. He had been an assistant in this work for about two years, and had become chief pipe fixer about two weeks before the accident occurred. On the morning of the accident he reported to his superior that a spray pipe that extended around the furnace proper at an elevation of about forty feet from the ground, and which he had assisted to put in place, was out of order, stopped up, and asked for assistance to make the repairs required. Two men were assigned him for the work, and a third was directed to accompany these for general service. First a ladder was put in place by which the defective pipe was to be reached and upon which the workman was to stand while making the repairs. This ladder rested below on what is called a bustle pipe three feet in diameter and about twelve feet from the ground, where it was steadied by two men, one on either side, and extended up alongside the jacket of the furnace against which its top rested. It was while the plaintiff's husband was employed at the top of the ladder that he fell to the ground and met his death. The theory advanced by the plaintiff, well sustained by the evidence, was that the fall resulted from his being overcome by the gas that escaped from the furnace. The negligence charged to the defendant company was, (1) failure to provide a bridge or scaffold on the wall of the furnace

on which the workman could stand while making repairs, and (2) failure to give notice and warning of the latent danger from escaping gas. As to the first, there is nothing in the evidence that connects the accident with any defect or want of sufficiency in the appliance used as its efficient cause. The most that can be derived from the statement is a suggestion that had there been a platform at the point where the work was being done, and had the employee been overcome by gas while working thereon, he would not have fallen as far as he did. The suggestion occurs nowhere but in the statement. We find no reference to it in the evidence, and therefore it may be passed without comment, except to remark, that so far as appears there was nothing peculiar about the construction of this furnace, even in the position of the spray pipes, while the testimony offered by the defendant shows that the ordinary and customary means of doing work of this kind was here observed, with nothing whatever to contradict; and, further, that the employee having long been familiar with the only means provided for this kind of work by defendant company, and the accident not having occurred through any defect in the appliance furnished, he must be held to have assumed whatever risk there was in using it: Pittsburgh and Connellsville R. R. Co. v. Sentmeyer, 92 Pa. 276. In the case just cited it is said: "Where men are hired something must be predicated of their judgment and prudence, and hence when the employer furnishes them with tools and appliances, which though not the best possible, may by ordinary care be used without danger, he has discharged his duty, and is not responsible for accidents."

The rule here expressed can be applied quite as appropriately to the plaintiff's second contention. Accepting the theory of the plaintiff that the cause of the accident was the presence in the furnace, at the point where the employee was engaged, of escaped gas in large quantities which overcame the employee, the fact is made clear

by plaintiff's own showing that this employee not only had full opportunity of knowing this same danger, but that he had known it from actual experience. He had twice ascended the ladder to make the required repairs to the pipe, and neither time was he able because of the gas to remain at the top of the ladder more than ten minutes. When he returned from the second attempt he was so sickened by the gas that it was three-quarters of an hour before he recovered. Several of the helpers meanwhile had gone up the ladder, none of them remaining more than ten minutes because of the oppressiveness of the gas. Notwithstanding this experience on his part, and his knowledge of what his helpers had experienced, he risked a third attempt, and after working but a short time at the top of the ladder he met with the fall that caused his death. The case presents these additional facts: the escape of gas from the furnace about which this employee had worked for two years was almost constant; according to uncontradicted testimony he had seen other employees overcome by it time and again. In face of such a state of facts it is idle to contend that the accident happened because of the failure of the employer to warn the employee of the danger to which he was exposed from this source. The risk was one incidental to the employment, and quite as well understood by the employee as by the employer; and from his familiarity with it the employee was equally if not better able to measure the danger: Bellows v. Railroad Co., 157 Pa. 51. But without this, were there nothing in the case but this employee's experience after his second attempt, when by becoming so sick from the gas he inhaled when at the top of the ladder that he was compelled to descend and lie down for three-quarters of an hour to await recovery, this of itself would show conclusively that he voluntarily took the chance of escape from a known danger when he made his third and last ascent. A careful review of the evidence constrains us to the conclusion that the fourth point sub-

mitted by the defendant, that under all the evidence the verdict should be for the defendant, should have been sustained, and that it was error to overrule the motion for judgment n. o. v.

The judgment is reversed, and judgment is now entered for the defendant.