## Harner *v.* F. H. White Company, Appellant.

*Negligence—Master and servant—Unguarded machinery—Act of May 2, 1905, P. L. 352, Section 11—Contributory negligence—Case for jury.*

In an action against a manufacturing company to recover damages for personal injuries sustained by the plaintiff, due to the alleged negligence of the defendant in failing to properly guard its machinery as required by the Act of May 2, 1905, P. L. 352, Section 11, the case is for the jury and a verdict for the plaintiff will be sustained where it appears that at the time of the accident plaintiff was employed by the defendant and was engaged in working at a sewing machine, which was placed upon a table and

operated by power transmitted from a shaft thereunder; that a strap which she was using fell to the floor and as she stooped under the table to pick it up her hair became entangled in the shaft, resulting in the injuries complained of; that there was a clear open space under the table and no guard of any kind over the machinery; that there was some doubt as to the sufficiency of the light to expose the danger under the table, and there was evidence that the plaintiff, who had been employed by the defendant for but three days, did not know of the existence of the danger.

Devine v. Simons, 235 Pa. 336, distinguished.

Argued May 13, 1914. Appeal, No. 139, Jan. T., 1914, by defendant, from judgment of C. P., No. 4, Philadelphia Co., June T., 1912, No. 2919, on verdict for plaintiff in case of Sadie W. Harner v. F. H. White Company, Inc. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, J.

From the record it appeared that the plaintiff, a woman thirty years of age, was employed by the defendant, a manufacturer of dress suit cases, for the purpose of stitching pieces of leather on the corners of the suit cases, which were made of cane. The stitching was done by means of a sewing machine, located on a table at which the plaintiff sat, and was operated by power transmitted by a belt from a shaft and a pulley underneath the table.

On the third day of plaintiff's employment, while she was sitting in front of her machine, one of the straps fell to the floor. She stooped under the table to pick it up, and while in the act of doing so her hair came in contact with the revolving shaft underneath the table, causing the injury on account of which she claimed damages in this suit.

The table at which she worked was thirty-five inches wide and about one hundred feet long, extending lengthwise on the fourth floor of the building, parallel with

and about fifteen feet from one wall of the building in which were a number of windows. The sewing was done without artificial light. The table was supported by wooden legs or uprights about seven or eight feet apart, and the shafting one and one-half inches in diameter was located underneath the table twenty-two inches from the front thereof and twelve inches above the floor. It had no cover about it and was exposed to view for its entire length.

The charge of negligence was that defendant had failed to comply with the Act of May 2, 1905, in not placing a guard around the revolving shaft underneath the table.

The trial judge submitted to the jury two questions, as to the guarding of the shaft and as to the contributory negligence of the plaintiff.

Verdict for plaintiff for $5,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*F. B. Bracken,* of *Loughlin & Bracken,* with him *Simpson, Brown & Williams,* for appellant, cited: Long v. Folwell Bros., 228 Pa. 314; Cramer v. Aluminum Company, 239 Pa. 120; Devine v. Simons, 235 Pa. 336; Ralston v. Baldwin Locomotive Works, 240 Pa. 14.

*Morton Z. Paul,* for appellee, cited: Ralston v. Baldwin Locomotive Works, 240 Pa. 14; Fegley v. Rubber Co., 231 Pa. 446; Izzo v. Finn, 238 Pa. 602; McCoy v. Wolf, 235 Pa. 571; Cramer v. Aluminum Co., 239 Pa. 120; Jones v. American Caramel Co., 225 Pa. 644; Booth v. Stokes, 241 Pa. 349; Valjago v. Carnegie Steel Co., 226 Pa. 514.

OPINION BY MR. JUSTICE ELKIN, July 1, 1914:

Appellant contends that a verdict in its favor should

have been directed at the trial, and this not having been done as requested, a verdict non obstante veredicto upon the whole record should have been entered. The question for decision here is whether under the facts the case was for the jury or for the court. The learned trial judge submitted the case to the jury in a careful and painstaking charge in which the legal rights of the parties were clearly defined. If the case was for the jury at all, there can be no just criticism of the manner of its submission. Learned counsel for appellant most strongly rely upon Devine v. Simons, 235 Pa. 336, to support the contention made here. It must be conceded that these cases have many points of similarity, and for this reason we have examined the Devine case with more than ordinary care to determine whether what was decided in that case should be deemed controlling here. Our conclusion is adverse to the position so strongly and ably argued by counsel for appellant. In the Devine case the negligence charged did not include failure to properly guard the shaft which caused the injury, while in the case at bar this was the negligence mainly relied on to sustain a recovery. In the Devine case the shaft was guarded not only by the top of the table, but by a foot rest seven inches wide running the entire length of the table and serving as a protection to those employees who had occasion to stand in front of the same. As we viewed that case the top of the table and the foot rest at the side afforded as much protection from coming in contact with the shaft as could be provided. There could be no danger to an employee unless he deliberately got under the table by crawling through the small open space above or below the foot rest and thus by his own deliberate act put himself in a place of open and obvious danger. In the present case there was no foot rest at the side of the table and there was no protection against coming in contact with the revolving shaft which was concealed from the view of the operator by the top of the table. Under these and other circumstances which dif-

ferentiate the cases it was for the jury to say whether the shaft was properly guarded as the Act of 1905 requires.

But it is also argued that appellee should have been declared guilty of contributory negligence as a matter of law, and the Devine case is relied on as conclusive authority on this question. We can not so regard that case. What has already been said in discussing the negligence of defendant company applies generally to the question of contributory negligence. In the Devine case the injured employee had no duty to perform which required her to crawl under the table and over the foot rest, while in the present case appellee was acting within the scope of her employment when she stooped to pick up the strap which had fallen. It was clearly her duty to pick up the strap and she had a right to rely on the assumption that her employer had provided a safe place to work and that the machinery was properly guarded as the law requires. No doubt she acted quickly and finding a clear open space under the table thought it safe to reach for the strap. It is not the case of getting down and crawling over an obstruction seven inches wide, which acted as a guard to the machinery back of it, and thus deliberately going into a place of open danger. Then, again, in the present case there is some doubt as to whether the light was sufficient to expose the dangers under the table. For these and other reasons not necessary to discuss in detail we have concluded that the present case was for the jury. We find no reversible error in this record.

Judgment affirmed.