## Gary v. Oehrle Brothers, Appellant.

*Negligence—Master and servant—Injury at loom—Contributory negligence.*

In an action by a woman twenty-four years of age against her employer to recover damages for injuries sustained at a loom in a tapestry factory, binding instructions should be given for the defendant where it appears that the plaintiff was an experienced operative, and had worked for six months at the loom in question prior to her accident; that she had been warned not to clean the machine while it was in motion; that she kept her brush,, which she used to clean the machine, without the knowledge or authority of the defendant, and for her own convenience inside of the loom beneath a rapidly revolving shaft in an admittedly dangerous place; and that at the closing hour of work, with plenty of light to see, she went to the rear of the machine, stooped over for her brush, which was about two feet or more away from her, lost her balance, fell forward, and was injured.

Argued Oct. 14, 1914. Appeal, No. 59, Oct. T., 1914, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1913, No. 1,137, on verdict for plaintiff in case of Sarah E. Gary v. Oehrle Brothers. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Maurice W. Sloan,* for appellant.—From this testimony, it is quite clear that the plaintiff was guilty of contributory negligence, and as the testimony is uncontradicted the learned court should have directed a verdict for the plaintiff: Devine v. Simons, 235 Pa. 336; Snyder v. Longmead Iron Co., 244 Pa. 325.

*Wm. Sandberg,* of *Sandberg & Heymann,* cited: Ralston v. Baldwin Locomotive Works, 240 Pa. 14; Cramer v. Aluminum Co., 239 Pa. 120.

OPINION BY KEPHART, J., February 24, 1915:

This appeal presents three questions, two of which will be considered: (1) "Was the negligence of the company legally established? (2) Was the act of the plaintiff, which resulted in the injury, such an obviously unusual and dangerous one for the court to say, as a matter of law, that she was guilty of contributory negligence?"

The plaintiff, a young woman twenty-four years of age, employed by the defendant as a weaver, was assigned for duty on a modern loom. The machine was about fifteen feet long and from four and one-half to five feet wide. At each end were iron frames with a similar frame in the center. Connecting the frames at the front and rear and running the entire length of the loom was a wooden rail four by six inches, located about one foot above the floor. At the rear and running from end to end, five feet from the floor, were iron rails to support the warp racks. In front, about three feet from the floor, is a beam called a breast beam, or, as the plaintiff styles it, a piano board. The operator works the machine from the front where its operation was controlled by a rod or bar along this beam, the shifting of which started or stopped the machine as desired. In the center and inside, running from one end to the other, beginning about two feet from the rear, was a shaft, which formed a part of the loom, to operate the

batem.  This shaft was twenty-six inches from the floor.  Immediately above it, four inches away, and extending beyond the shaft from four to six inches in the rear, was an iron beam called a glass beam, over which the warps run on glass rods.  At the rear, high above, was a rack described by a witness as being overhead, which could only be reached by means of a stepladder. Here spools were placed and warps were tied.  Four feet from the loom and immediately in front was a window, and at the rear there was an open space about three feet in width.  There was plenty of light and room around the machine.  Plaintiff was experienced in her trade, had operated this loom for six months prior to her accident and similar looms before her employment by the defendant.  Her duties were to watch the machine, start and stop it, put bobbins in the shuttles, spools in the racks, tie in the broken ends of threads, and clean the machine thoroughly once a week.  The cleaning was done with a brush, which was kept by the plaintiff on the floor inside of the loom, and when attempting to get it she lost her balance, fell forward, her hair catching in the shaft, causing an injury to her scalp.  Claiming that the loom was not properly guarded, the plaintiff instituted suit, and having recovered in the court below, the defendant brings this appeal, presenting the questions as first noted in this opinion.

As stated in Fegley v. Lycoming Rubber Co., 231 Pa. 446, "An injury from machinery, open and uncovered, is not liable to occur, without the concurrence of some accident or unexpected event, such as a slip or a miscalculated move."  It is important to ascertain what the injured party was doing.at the time the unexpected event or miscalculated move occurred and whether the danger of this move was fully appreciated.  Plaintiff was thoroughly familiar with the machine and knew its dangers.  Her instructions were to stop it to place the spools in the rack, tie in the broken ends of threads, or to clean it, and not to touch it while it was in motion.

All of her duties, so far as operating the machine were concerned, kept her at its front, except when she tied in the broken ends of threads or placed the spools in the rack. With all this knowledge, and with her experience as an expert weaver, she deliberately placed her brush, which she used to clean the machine, without the authority or knowledge of the defendant, and for her own convenience, inside of the loom beneath a rapidly revolving shaft in an admittedly dangerous place, and, at the closing hour, with plenty · of light to see, the went to the rear of the machine, stoops over this bar twelve inches high, reaches for her brush, which is about two feet or more away from her, loses her balance, falls forward, when the accident occurred. The plaintiff was acting in disobedience to all her instructions in attempting to get an article which she was not in any way obliged to place where she did, and which was not essential to nor immediately connected with her work, nor was she in the performance of any legitimate duty incident to her employment. The securing of this brush was not a part of the operation of the machine at the time or in the manner she secured it. Her action was an unnecessary and· voluntary exposure to manifest danger, for the consequences of which her own negligence is alone responsible. It is true that she was to keep the machine clean. The place to keep the brush was a matter of her own selection and when she selected a dangerous place she did it at her own risk. The plaintiff could easily have stopped the machine, and knowing the danger surrounding her undertaking it was incumbent upon her to take the safe course. The mere fact that she had done the same thing before her injury would not serve to lessen her responsibilities in the matter nor insure the future success of her undertaking. As was stated by Mr. Justice Moschzisker, in Solt v. Williamsport Radiator Co., 231 Pa. 585, "To do an act necessary to the performance of the duties of one's employment in a way which is obviously dan-

gerous when one can perform the act in another way known to him, which is reasonably safe, is contributory negligence which will bar a recovery, even though the employer may have been negligent in not complying with the requirements of the statute" requiring guard rails. In the present case the plaintiff was doing an act not necessary in the performance of her duties and is a much stronger case as it bears on the principle just quoted. We conclude, therefore, that the plaintiff in this case was guilty of contributory negligence. This conclusion is not opposed to the principle expressed in the following cases. In Harner v. White Co., 246 Pa. 402, the plaintiff, in picking up a strap, which she was working with, that had fallen to the floor, was engaged in an undertaking strictly within the scope of her employment; there was not sufficient light to expose the danger to which the plaintiff was subjected. Her position at work and the dangerous shaft were close together. In attempting to recover the strap it was only necessary to reach from her seat to the floor. The shaft with which her hair came in contact was concealed, not exposed to view. The plaintiff, in Fegley v. Lycoming Rubber Co., supra, was engaged in the performance of the duties of his employment and a fellow employee, likewise engaged in his master's business, accidently bumped into the platform upon which the plaintiff was standing, causing him to lose his balance, and in an effort to regain it threw his hand into an unguarded cogwheel. In Ralston v. Baldwin Locomotive Works, 240 Pa. 14, the injured man was an ordinary mechanic intent upon performing an act in the course of his work, which seemed to require immediate attention, and at the time of the accident he stood in a place that was in common use and not manifestly dangerous. The performance of the act being within the scope of his employment, the injury occurring at a place where the plaintiff had a right to be, and the work being performed in a proper manner, clearly

distinguishes the cases.    This present case follows the principle as laid down in Solt v. Williamsport Radiator Co., supra; Best v. Williamsport Staple Co., 218 Pa. 202; Snyder v. Longmead Iron Co., 244 Pa. 325; Devine v. Simons, 235 Pa. 336.

It is urged, however, that her duties caused her to go to the rear to put spools in the rack and tie in the broken threads, and the loom not being properly guarded at the place where the plaintiff fell, she should be permitted to recover.    The answer is that the plaintiff was not injured while engaged in the performance of that particular task, and further, her instructions required her to stop the machine and use the stepladder to reach the rack.    It is difficult for us to see just how the guard, as suggested by the court, would have been of much avail to the plaintiff.    It would be almost impossible for the plaintiff to have leaned over a guard three feet high, in a space from two to two and one-half feet on either side of the shaft, reach under the shaft and glass bar, which were within a foot and a half of her, and secure a brush which was on the floor two feet or more away from her.    The presence or absence of the guard would not, in our opinion, affect the plaintiff's case as she would, in all probability, be required to remove it in order to do just what she tried to do.    She testifies: "I stooped down to get my brush and I lost my balance and fell into the machine.    My hair caught around the shaft."    "For the consequences of his contributory negligence the law remained the same as if the act of 1905 had not been passed.    True, under that act the negligence of an employer can now be more readily established, but the injured employee must still present his case free from negligence on his part contributing to his injury:" Jones v. American Caramel Co., 225 Pa. 644.

The first assignment of error asking for binding instructions in the court below is here sustained, as is also the second assignment of error predicated on the re-

quest for binding instructions, wherein the court below is asked to enter a judgment n. o. v.

The judgment of the court below is reversed and is here entered for the defendant.