## Ignash, Appellant, v. Murphy, Cook & Co.

*Negligence—Master and servant—Obvious danger—Assumption of risk—Nonsuit.*

In an action against an employer to recover damages for personal injuries sustained by plaintiff in consequence of his arm having been caught between a rope and a revolving spool, or "loggerhead," which he was operating, the plaintiff must be held to have assumed the risk where it appears that he was injured when he attempted to lean over the loggerhead, as he was required to do by his employment, to operate a steam valve, and that he was an experienced workman thoroughly familiar with the operation of the loggerhead, and knew the danger incident to the particular operation; and he is not relieved by the fact that the foreman told him that there was no danger.

Argued March 22, 1915. Appeal, No. 379, Jan. T., 1914, by plaintiffs, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1912, No. 5636, refusing to take off nonsuit, in case of Morris Ignash, by his father and next friend, William Ignash, and William Ignash, in his own right, v. Daniel J. Murphy and John J. Murphy, copartners, trading as Murphy, Cook & Co. Before BROWN, C. J., MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. FERGUSON, J., made the following statement to the jury, in entering a nonsuit.

. I am not going to trouble you with this case, but I

will state in a word or two why I am entering a non-suit, which means declaring the plaintiff has not made out a case.

The plaintiff, Mr. Ignash, was an experienced steve-dore. He was a comparatively young man, but he had worked as a stevedore for four or five years. There was no defect in the loggerhead; there was nothing the matter with it. There is no evidence that it was de-fective or that it broke or that anything went wrong with the machine itself. There is no evidence of any method by which the machine could be made safer for a man who was working near it, except that it was not safe for a man standing on the side of the loggerhead on which Mr. Ignash was standing, to lean over it in order to handle the steam valve.

There possibly were some things in the evidence of Mr. Ignash and Mr. Kelly which might cause you to doubt whether they were telling exactly the truth. That would be a matter for you to determine after you heard the evidence of the defendant on the subject. The things I refer to are whether or not it would have been possible for the plaintiff to have taken another turn of his cable around the loggerhead, if he thought the draft he was raising was liable to fall on the dock. He said that it could not be done; that he had taken three or four turns and that he could not take any more. An inspection of the photograph would lead me to believe that he was mistaken about that. Then there is the question as to whether or not the strain was on Mr. Kelly and the plaintiff at the same time, but, as I have said, those are matters of evidence which you would have to pass upon if the whole case were submitted to you. For the purposes of a motion for a nonsuit, I must assume that the evidence produced by the plain-tiff is true.

The plaintiff, Mr. Ignash, was familiar with the machine he was operating. He said that there had been working on the other side of the loggerhead two men

who were working the drums, and that they were taken away; that these men operated the steam; that when they went away the plaintiff called to his employer, Mr. Murphy, and said, "You will have to send us a steam turner or I will not work," and he said he refused to work. He would not go on because it became necessary for him in operating the loggerhead, that is to say, in picking up the slack rope as the draft was raised, to also lean over the loggerhead and operate the steam valve. It was something perfectly plain to anybody that if he leaned his body over the revolving wheel, spool, or whatever you call it, with the rope tightening on one side and loosening on the other, the flap of his coat, if it got into the proper position, might get under the rope and become tightened and caught. The plaintiff said he saw the danger, and that he refused to go on with the work unless a steam turner was provided, that is, a man who would stand on the other side of the loggerhead and operate the steam. Mr. Murphy, he said, promised to send a steam turner in a minute.

This case was before the court on another occasion and the same result came about. You heard what Mr. Ignash said when his attention was called to the fact that on the former trial he said it was not dangerous. This time he said it was dangerous, and he saw it was dangerous and he refused to work, and Mr. Bilbow, the foreman in charge of the hatch, after Mr. Murphy promised to send a steam turner in a minute, said, "Go ahead; there's no danger," and the plaintiff did go ahead. He said he did it because he thought there was no immediate danger, but the danger, if there was a danger, was always present, and it was always present to a man who might lean over the loggerhead. If he refused to work at one instant because of a manifest, palpable, inevitable danger, he certainly should have refused to work an instant later, when Mr. Bilbow told him to go ahead. Mr. Bilbow did not say, "We will cor-

rect the machine; we will make it safer." He just said, "There is no danger," but the danger was one which Mr. Ignash saw himself, and if he chose to take a chance of getting hurt, he has to take the consequences of the chance himself and he cannot ask the defendants to compensate him for the injuries he sustained.

I therefore enter a nonsuit.

The trial judge entered a nonsuit which the court in banc subsequently refused to take off.

Plaintiffs appealed.

*Error assigned* was the refusal to take off the nonsuit.

*George Demming,* with him *Warren C. Graham,* for appellants.

*Owen J. Roberts,* for appellees.

PER CURIAM, April 19, 1915:

The nonsuit in this case was entered because it was manifest from the testimony that the plaintiff continued to work at a place which he knew to be dangerous, and voluntarily took the chance of being injured. He showed nothing making the defendants liable for the consequences of his rashness in continuing at the dangerous post. The judgment is, therefore, affirmed.