## Barrientos, Appellant, *v.* Brennan.

*Negligence—Master and servant—Oiling moving machinery—Absence of guard—Contributory negligence—Nonsuit—Act of May 2, 1905, P. L. 352.*

In an action to recover damages for personal injuries it was held that a nonsuit was properly entered where it appeared that plaintiff, an experienced machinist, was injured while oiling a machine

in motion, and using an oil can with a short spout thus increasing the danger, although the machine was not guarded.

Argued March 22, 1915. Appeal, No. 475, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1912, No. 2915, refusing to take off nonsuit in case of Juan Andres Soto Barrientos v. Frank Brennan, Trading as The Germania Artificial Stone Paving Company. Before BROWN, C. J., MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MARTIN, J.

The plaintiff was injured on August 14, 1912, while oiling a "concrete mixer" belonging to the defendant, for whom the plaintiff was working. While he was oiling the machine, the same being in motion, his right hand was caught between two cog-wheels of the machine which were unguarded, in violation of the Act of May 2, 1905, P. L. 352, resulting in an injury which rendered necessary the amputation of four fingers of his right hand. The oiling which he was doing while the machine was in operation was done at the direction of the defendant and had been done every half hour on every day while the plaintiff was at work for defendant, and at times in the presence of the defendant.

Two cans had originally been furnished for the purpose of oiling, one of which had a long spout, which at the time of the accident, by reason of its condition, was useless, and the other, the one which the plaintiff was using in doing the oiling, had a spout three or four inches long. The wheel on the machine used for the purpose of stopping and starting the same was missing and in order to stop or start the machine it was necessary for the plaintiff to use a pair of pincers or pliers.

Upon the trial, MARTIN, J., entered a nonsuit in the following opinion:

Plaintiff testified that he received the injury when he was oiling the machine.

He was a machinist by profession, had fixed the machine fifteen days before he was hurt, oiled it, run it, and had full charge of it as engineer for two weeks before the accident, and could stop and start it. The machine was running at the time he attempted to oil it and was hurt.

He was using an oil can with a spout three or four inches long—a can used for holding oil, not for oiling, and was trying to oil underneath, but did not stop the machine. The danger was apparent, and the case is ruled by Best v. Williamsport Staple Co., 218 Pa. 202, in which it was said by the court:

"Whether the absence of a guard was negligence in the defendant, or whether it was the proximate cause of the injury, need not be discussed. The plaintiff's action in attempting to clean the rolls while they were in motion was an unnecessary and voluntary exposure to danger, for the consequences of which his own negligence is alone responsible."

The court in banc subsequently refused to take off the nonsuit. Plaintiff appealed.

*Error assigned* was refusal to take off the nonsuit.

*William T. Connor,* with him *John R. K. Scott,* for appellant.

*F. B. Bracken,* for appellee.

PER CURIAM, April 19, 1915:

This judgment is affirmed for the reason given by the learned trial judge in directing judgment of nonsuit to be entered.

Judgment affirmed.