# Card, Appellant, v. The Stowers Pork Packing and Provision Company.

*Negligence—Master and servant—Assumption of risk—Moving machinery—Act of May 2, 1905, P. L. 352—Practice, C. P.—Statement of claim—Amendments—Statute of limitations—Nonsuit.*

1. After the statute of limitations has run, a plaintiff cannot by amendment change his cause of action from a common law to a statutory proceeding.

2. Where an employee continues to work at a place he knows to be dangerous and voluntarily takes the chances of being injured, he cannot hold his employer liable for the consequences of his rashness.

3. In an action at common law to recover damages for injuries sustained by a workman in consequence of coming in contact with the moving pin of a crank shaft, where it appeared that while plaintiff was endeavoring to oil the machinery, of which at the time he was in entire control, he stood upon a greasy surface and fell, suffering the injury complained of, the trial judge did not err in refusing to allow plaintiff to amend his statement so as to allege a cause of action under the Factory Act of May 2, 1905, P. L. 352, after the statute of limitations had run, or in holding that plaintiff had voluntarily assumed the risk of performing the work in the manner in which he endeavored to do it, and properly entered a compulsory nonsuit.

Argued Feb. 23, 1916.   Appeal, No. 418, Jan. T., 1915, by plaintiff, from final order of C. P. Lackawanna Co., March T., 1913, No. 499, refusing to take off nonsuit, in case of Claude Card v. The Stowers Pork Packing and Provision Company.   Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The trial judge entered a nonsuit, which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit and in refusing to allow plaintiff to amend his statement of claim.

*T. A. Donahoe,* with him *F. J. Helriegel,* for appellant. —The amendment asked by plaintiff did not constitute a new cause of action and should have been allowed: Phillips v. Erie County Elec. Co., 249 Pa. 445; Trego v. Lewis, 58 Pa. 463; Collins v. Philadelphia & Reading Ry. Co., 244 Pa. 210; Wright v. Eureka Tempered Copper Co., 206 Pa. 274; Morris v. McNamee, 17 Pa. 173; Schmelzer v. Chester Traction Co., 218 Pa. 29; Stoner v. Erisman, 206 Pa. 600; Terrell v. Pittsburgh Rys. Co., 58 Pa. Superior Ct. 371; Jackson v. Gunton, 26 Pa. Superior Ct. 203; Hellings v. Wright, 14 Pa. 373; Stewart v. Kelly, 16 Pa. 160; Krutlies v. Bulls Head Coal Co., 249 Pa. 162; Levin v. Clad & Sons, 244 Pa. 194; Rick v. N. Y., Chicago & St. Louis R. R. Co., 232 Pa. 553; Little v. Fairchild, 195 Pa. 614; Root v. O'Neill, 24 Pa. 326; Erie City Iron Works v. Barber, et al., 118 Pa. 6; Rodrigue v. Curcier, 15 S. & R. 81; Erie City Iron Works v. Barber & Co., 102 Pa. 156.

The questions of plaintiff's contributory negligence and defendant's negligence were for the jury: Freed v. C. S. Garrett & Son Co., 240 Pa. 17; Collins v. Philadelphia & Reading Ry. Co., 244 Pa. 210; Irwin v. Leuten Brick Co., 59 Pa. Superior Ct. 150; Fegley v. Lycoming Rubber Co., 231 Pa. 446; Lanahan v. Arasapha Mfg. Co., 240 Pa. 292; Clark v. Millett, 57 Pa. Superior Ct. 287; Obert v. Hammermill Paper Co., 249 Pa. 456; Papilios v. Best Mfg. Co., 58 Pa. Superior Ct. 70; McKee v. Cruci-

ble Steel Co., 213 Pa. 333; Hepple v. Edison Elec. Illuminating Co. of Pottsville, 240 Pa. 91; Lamb v. Philadelphia & Reading Ry. Co., 217 Pa. 564.

*David J. Reedy*, with him *Welles & Torrey*, for appellee.—The petition for leave to amend the statement alleged a new cause of action barred by the statute of limitations and was properly refused: Mahoney v. Park Steel Co., 217 Pa. 20; Wolf v. Wolf, 158 Pa. 621; Dobra v. Lehigh Val. Coal Co., 250 Pa. 313; Amiano v. Jones & Laughlin Steel Co., 233 Pa. 523.

No negligence was shown: Charnogursky v. Price-Pancoast Coal Co., 249 Pa. 1; Durst v. Carnegie Steel Co., 173 Pa. 162; Schneider v. Philadelphia Quartz Co., 220 Pa. 548; Coleman v. Keenan, 223 Pa. 29; Ross v. Walker, 139 Pa. 42; Lehigh & Wilkes-Barre Coal Co. v. Hayes, 128 Pa. 294; McCombs v. Pittsburgh & Western Ry. Co., 130 Pa. 182; Devlin v. Phœnix Iron Co., 182 Pa. 109; Rick v. Cramp, 22 W. N. C. 79; Smith v. Allegheny County Light Co., 251 Pa. 486; Cooper v. Butler, 103 Pa. 412.

The plaintiff assumed the risk of his employment: Helfenbein v. Wohlfeld, 235 Pa. 302; Flaherty v. McClintic-Marshall Construction Co., 243 Pa. 580; Boyd v. Harris, 176 Pa. 484; Betz v. Winter & Goetz, 195 Pa. 346; Nuss v. Rafsynder, 178 Pa. 397; Derr v. Lehigh Val. R. R. Co., 158 Pa. 365; Diehl v. Lehigh Iron Co., 140 Pa. 487; Solt v. Williamsport Radiator Co., 231 Pa. 585; Booth v. Stokes, 241 Pa. 349; Keenen v. Waters, 181 Pa. 247; Bellows v. Pa. & N. Y. Canal & R. R. Co., 157 Pa. 51.

The plaintiff was guilty of contributory negligence: Jones v. American Caramel Co., 225 Pa. 644; Betz v. Winter & Goetz, 195 Pa. 346; Stoll v. Hoopes, 22 W. N. C. 159; Best v. Williamsport Staple Co., 218 Pa. 202; McEwen v. Hoopes, 175 Pa. 237; Barrientos v. Brennan, 249 Pa. 231; Snyder v. Longmead Iron Co., 244 Pa. 325; Carll v. Brown, 251 Pa. 273; Carroll v. Penna. Coal Co.,

22 W. N. C. 439; Monongahela City v. Fischer, 111 Pa. 9; Weir v. Haverford Elect. Light Co., 221 Pa. 611; Lynch v. Erie, 151 Pa. 380; Butler v. Gettysburg & Harrisburg R. R. Co., 126 Pa. 160; DiMagnio v. Jefferson & Clearfield Coal & Iron Co., 251 Pa. 321.

OPINION BY MR. JUSTICE WALLING, May 15, 1916:

Plaintiff was employed by defendant as engineer of its plant for the manufacture of artificial ice. It was his duty inter alia to oil the engine and machinery and in so doing to fill with oil a cup located some seven feet above the floor, to reach which it was customary for the engineer to stand with one foot on the top or cap of the grease box, which cap was an oval iron surface about fifteen inches in diameter and about two and one-half feet above the floor. At the same time the other foot rested on an iron frame close to said cap, as we understand the facts. Near to and below this cap was the main crank shaft which made eighty revolutions per minute.

While performing that duty on the morning of August 19, 1912, plaintiff's foot slipped from said iron grease box and was badly crushed by the pin of said crank shaft. So far as appears defendant had provided no other method of filling said cup with oil, and defendant's foreman had instructed plaintiff to do it in that manner. Plaintiff was an educated and experienced engineer, had held this position with defendant three weeks, testified that he knew it was dangerous to oil the engine in that manner and that he was a little afraid at the time. Oil and grease had accumulated on the floor and about the engine and had covered and saturated plaintiff's shoes making them very slippery; of all of which he had full knowledge before the accident. He made no request to be given any different method of filling said cup with oil, and did not take the precaution of stopping the engine before so doing, although it was under his control. No one else was present at the time of the accident, and he

was in sole charge of the machinery and thoroughly familiar with the conditions there that morning.

Plaintiff's statement of claim as originally filed was practically a common law action for negligence, but, at the trial more than two years after the accident, he sought to amend the statement so as to charge the defendant with negligence by reason of alleged failure to guard the crank shaft as required by the Act of May 2, 1905, P. L. 352, although said statement had failed to aver facts sufficient to bring the case within the act. This amendment the trial court refused and rejected evidence offered on that branch of the case. At the close of plaintiff's evidence a compulsory nonsuit was granted on the ground of contributory negligence.

In our opinion the learned trial judge was right both as to the amendment and the nonsuit, and his conclusions are supported by the authorities to which he refers.

After the statute of limitations has run a plaintiff cannot by amendment shift his ground of complaint, introduce a new cause of action, cure a fatal defect in the pleadings, change his cause from a common law to a statutory proceeding, or deprive the defendant of any valuable right: Mahoney v. Park Steel Co., 217 Pa. 20; Martin v. Pittsburgh Rys. Co., 227 Pa. 18; Allen v. Tuscarora Val. R. R. Co., 229 Pa. 97.

True, under the Act of 1905 the rule of assumption of risk does not apply: Fegley v. Lycoming Rubber Co., 231 Pa. 446; Amiano v. Jones & Laughlin Steel Co., 233 Pa. 523. But it does apply here as the record does not present a case within that act. And the amendment asked for would have deprived defendant of a valuable right, to wit, the right of setting up that defense, which could not be done after the statute of limitations had become a bar.

Plaintiff was a licensed engineer with several years' practical experience. He knew the machinery and appliances with which he was working and the manner of doing the work; and better than any one else the slip-

pery condition of his shoes and of the place on which he stood; and knew it was dangerous and therefore assumed the risk.

"Where risks incidental to employment, which are quite as well understood by the employee as by the employer, and from his familiarity with such risks such employee is equally able to measure the danger with his employer, no liability will attach to the employer for injuries sustained by the employee in consequence of exposure to such risks": Dellasala v. Josephine Furnace & Coke Co., 242 Pa. 591.

Where an employee continues to work at a place he knows to be dangerous, and voluntarily takes the chances of being injured, he cannot hold his employer liable for the consequences of his rashness: Ignash v. Murphy, Cook & Co., 249 Pa. 223. The machinery being under plaintiff's control it was his duty under the circumstances to have stopped the engine before attempting to oil it, as he knew it was dangerous to do so while it was in motion; and this rule applies although the machine was not guarded: Barrientos v. Brennan, 249 Pa. 231. In Best v. Williamsport Staple Company, 218 Pa. 202, this court say:

"Whether the absence of a guard was negligence in the defendant, or whether it was the proximate cause of the injury, need not be discussed. The plaintiff's action in attempting to clean the rolls while they were in motion was an unnecessary and voluntary exposure to manifest danger, for the consequences of which his own negligence is alone responsible."

A plaintiff is chargeable with his own contributory negligence even where the defendant has failed to provide the guards required by statute: Solt v. Williamsport Radiator Co., 231 Pa. 585. So had the action been brought under the statute it would not have changed the result. This is not the case of an ordinary workman who goes into a place of danger at the order of the foreman and relying upon his judgment. Here the facts were not

disputed nor the inferences to be drawn from them and hence it became a question of law for the court.

The assignments of error are overruled and the judgment is affirmed.