## In re Widening of Walnut Street.

*Road law—Eminent domain—Date of taking—Ordinance widening street and requiring owners, when erecting new buildings or making alterations, to conform to new line.*
1. Under an ordinance providing for the widening of a street and forbidding owners thereafter to erect any new building, or to rebuild or alter the front or add to the height of any building then erected, without making it recede so as to conform to the new line, the taking occurs whenever an owner rebuilds or alters the front or height of his building.
2. Where an owner in his petition for viewers to assess damages misstates the date of the taking, he may be permitted to amend his petition by stating the true date, although the statute of limitations has run, if, at the time of filing the original petition, the statute had not barred the action.

Petition to amend original petition. Q. S. Phila. Co.

*Benjamin Alexander*, for petitioner.

*John B. Gest* and *Glenn C. Mead*, Assistant City Solicitors, and *Joseph P. Gaffney*, City Solicitor, contra.

### In re Widening of Walnut Street.

GORDON, JR., J., Feb. 27, 1925.—The Ordinance of June 30, 1892, page 309, provided for the widening of Walnut Street, from 5th Street to 22nd Street, in the City of Philadelphia, and forbade any owner thereafter to erect any new building, or to rebuild or alter the front or add to the height of any building then erected, without making it recede so as to conform to the line established by that ordinance and placed upon the revised city plan by the Bureau of Surveys.

On April 3, 1918, the petitioner altered the front of his building at No. 1312 Walnut Street and receded to the new building-line. For some reason not clearly shown, the steps of the building were not then removed and remained extending beyond the building-line. These steps were removed in August, 1922, and on June 14, 1923, the petitioner presented his petition to the court, averring that, under the law and the ordinance already referred to, the City of Philadelphia took his property for public purposes in August, 1922, the date on which the steps were removed, and prayed for the appointment of a board of viewers to assess damages. On June 25, 1923, the court appointed the viewers, who held their first meeting on Feb. 7, 1924. During the hearing before the viewers it was discovered that the legal taking had occurred, not in August, 1922, but in April, 1918, when the alterations were made. The petitioner, therefore, filed the petition now before us on Oct. 23, 1924, in which he asks leave to amend his original petition for the appointment of the board of view by averring the taking to have occurred in April, 1918, instead of August, 1922. The City of Philadelphia objects to the amendment upon the ground that the Act of May 23, 1891, P. L. 109, which establishes a limitation of six years for beginning the proceedings for the assessment of damages for the opening or widening of any street, has barred the petitioner's right of action.

This raises the question whether, since the statute of limitations has now operated to bar an action for damages for a taking occurring in April, 1918, the amendment changing the date of the taking, which the petitioner seeks leave to make, so changes the cause of action as to prevent its allowance. There can be no doubt of the general rule that, if a suit is instituted upon a particular cause of action, an amendment which so alters the cause of action as to substitute a new cause will not be permitted when the statute of limitations has operated to bar action for such new cause: Mays v. United Natural Gas Co., 268 Pa. 325; Card v. Stowers Pork Packing Co., 253 Pa. 575. The fundamental question for our determination, therefore, is whether the change in the date of the taking as laid in the original petition amounts to the substitution of a new and distinct cause of action.

It will be observed, in the first place, that at the time the original petition was filed the statute of limitations had not yet run. The petitioner might then have averred either date, and until April, 1924, undoubtedly could have amended his petition. The City of Philadelphia has taken the property under an ordinance which fixes no definite time for the taking, and it has done nothing to make the time certain and determined. Under such an ordinance, a taking occurs whenever an owner rebuilds or alters the front or height of his building. In the present case there was no taking whatsoever in August, 1922. The City already had taken the petitioner's property in 1918, and it has not yet compensated the owner as the Constitution requires. It seems clear that the averment in the petition of a taking in August, 1922, was made under a mistake of fact, and it would be unjust and inequitable to deprive the owner of his right to compensation merely because he has made a mistake in his pleadings. The proceeding was begun within sufficient time. It was

instituted upon a cause of action which is undoubted, and which it was the right and purpose of the petitioner to pursue. The equities of the situation all lie with him, and we are not disposed to defeat his right unless the statute of limitations clearly compels us to do so.

The cases cited by the learned City Solicitor in support of his opposition to the allowance of the amendment are all suits for damages for negligence. In such cases the basis of the suit is negligence, and the negligent act must be averred. Of course, an amendment which grounds the suit on a distinct and different basic act of negligence completely changes the cause of action, and cannot be allowed after the statute has run. To do so would nullify the statute, and might well work great hardship of a kind which statutes of limitation are specially designed to prevent; for a defendant who is prepared to defend upon an issue based upon an act of negligence which did not occur may, by the time the statute has barred the action, have lost the evidence necessary to defend himself against an action upon another and independent act of alleged negligence. On the other hand, where the act of negligence upon which the plaintiff counts remains the same, an alteration in the date upon which it is alleged to have happened merely promotes accuracy of pleading and can work no substantial prejudice to the other side.

In the case before us the taking is the basis of the action and not its date. The City has taken the particular land involved but once, the petitioner has lost it but once, and, if the amendment is allowed, the City can be in no way prejudiced by the loss of possible evidence which involves only market values on a particular date. Since the amendment neither changes the fundamental cause of action nor prejudices the City in the preparation and presentation of its evidence, we are of opinion that it should be allowed.

The prayer of the petition is, therefore, granted, and leave is given to the petitioner to amend the original petition filed on June 14, 1923, by substituting in the fourth paragraph thereof the words "April, 1918," for the words "August, 1922."