## Fortney *v.* Breon, Appellant.

*Trials—Evidence—Witnesses—Models for demonstration—Notes of testimony.*

1. Where a witness indicated by gesture or with the aid of a model anything that is important to the decision of the issue, counsel should see that the proper description is placed upon the

record at the time, showing not merely the bare fact that the witness indicated something, but exactly what he pointed out, so that the notes may be properly understood by one not present at the trial.

*Practice, C. P.—Charge to jury—Damages—Inadequate instructions—Waiver of objections—Harmless error.*

2. If an instruction upon the question of damages is clearly erroneous, it is ground for reversal whether specific instructions were requested or not, but if the charge is only inadequate, it is the duty of counsel to ask for more definite instructions, and failure to do so will be deemed a waiver of any objections that might otherwise be made, especially where it is obvious that no harm was done by the matter complained of.

*Negligence—Master and servant—Dangerous machinery—Unguarded cog-wheels—Oiling machinery in motion—Contributory negligence—Act of May 2, 1905, P. L. 352—Evidence—Damages—Charge of court.*

3. The failure of an employer to place guards on all moving cog-wheels, as required by the Act of May 2, 1905, P. L. 352, is negligence where it does not appear that the guarding of such wheels was impracticable.

4. An employee injured while oiling machinery while in motion cannot be held guilty of contributory negligence as a matter of law, unless the evidence not only demonstrates that plaintiff had performed the work in a way which was obviously dangerous, when another reasonably safe way was known to him, but also that this way was clearly and readily available and such as an ordinarily prudent man would have adopted under similar circumstances.

5. Where one is charged with contributory negligence in doing work in an obviously dangerous manner when a safe way was open to him, unless the manner of performance was so unusual and clearly careless that no two minds could reasonably disagree as to the alleged negligence, evidence that the injured person did the work in the customary way prevailing at his employer's shop is relevant.

6. In an action to recover damages for the loss of the plaintiff's hand, which was torn off by an unguarded cog-wheel, the trial judge did not err in refusing binding instructions for the defendant where defendant's negligence was apparent and where the evidence showed that the accident occurred while plaintiff was attempting to remove the cap of an oil box which was fastened near the moving cog-wheel, for the purpose of oiling the machinery, but did not show that plaintiff could have had the machinery stopped, or that it could have been readily oiled when it was at a stand still,

or that an ordinarily prudent man would have adopted such method under similar circumstances.

7. Where in such case the trial judge in his opinion refusing a new trial, stated that a model which was used by both parties for purposes of demonstration, but which was not offered in evidence, showed that ordinarily the work of placing oil in the cup could have been performed "while the machinery was in motion, with practically no danger of coming in contact with the cogs," the plaintiff was not guilty of contributory negligence if the inference of the trial judge was correct, and where the notes of testimony showed merely that plaintiff "indicated" something in his testimony, in connection with the model, but did not disclose what he indicated, the Supreme Court will not assume that the inference of the trial judge was erroneously drawn and that the case should have been withdrawn from the jury.

8. In such case where the charge was inadequate on the question of damages in failing to direct the jury's attention to the evidence relating to the "circumstances concerning the life of the plaintiff" or to inform them regarding its place in their deliberations, but defendant made no special request for instructions on the question of damages or on the evidence relating thereto and took no specific exception to the instructions given, the defendant will be deemed to have waived objections which he might have made.

Argued Feb. 17, 1914. Appeal, No. 345, Jan. T., 1914, by defendant, from judgment of C. P. Lycoming Co., June T., 1913, No. 186, on verdict for plaintiff in case of Edward T. Fortney v. George B. Breon. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WHITEHEAD, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,650, and judgment thereon. Defendant appealed.

*Errors assigned* were the refusal of the court to direct a verdict for defendant, to enter judgment for defendant n. o. v., and various instructions to the jury.

*John E. Cupp,* of *Sprout & Cupp,* for appellant.

*Otto G. Kaupp,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 13, 1914:

The plaintiff had been employed in the defendant's box factory for about three and a half years prior to the accident which gave rise to this case, and for the last three months of that period it was one of his duties to oil certain machinery. On February 9, 1913, while preparing to oil a machine which was in motion, the plaintiff's right hand was torn off just above the wrist by an unguarded cogwheel. The cog was in close proximity to a small cup or receptacle for holding oil to lubricate the shaft, and the plaintiff was endeavoring to remove the cap from this cup when "his hand was caught between the back of the wheel and the brace or timber upon which the shaft rested." He thus describes the accident: "I reached my hand up to pull this cap off the cup. I could not pull it off with my left hand, and I took another position and I raised my right hand up and pulled it off, and when it came off, it came with such force that it threw my hand up against the gearing." Immediately after this the notes of testimony show the following request made of the witness, "Now, step down here, if you will, Mr. Fortney, and explain it to us from this model?" The plaintiff took a position by the model and explained: "This is the oil box; there is a cap that fits over that, and in raising that cap my hand went over it like that, and in pulling it off......my hand went up like that (indicating), and my hand slipped over like that (indicating) and slipped right in between the cogs. My hand slipped in the gearing there and it pulled my hand down between the bridge-tree and the top-gearing, and it tore my hand off in a moment." The negligence averred was a failure to guard the "said cog gearing." The plaintiff recovered a verdict for $4,650, upon which judgment was entered, and the defendant has appealed.

Three errors are assigned (1-2) That the court erred in not giving binding instructions and subsequently in not entering judgment n. o. v. for the defendant; (3) That the trial judge erred in portions of his charge. On the first two assignments, the defendant contends that the plaintiff was plainly guilty of contributory negligence when he oiled machinery in motion, and that, under the rule stated in Solt v. Williamsport Radiator Co., 231 Pa. 585, the court below should have so held as a matter of law. In that case, we said, "To do an act necessary to the performance of the duties of one's employment in a way which is obviously dangerous when one can perform the act in another way known to him, which is reasonably safe, is contributory negligence"; and the appellant contends that this principle controls the present appeal. But we cannot agree in the contention, for here the act being performed at the time of the injury was quite different from that in the Solt case, and neither there nor in any other instance have we held that it is always and under all circumstances per se negligence for one to work at or around running machinery when it is possible to perform the same service with the machinery at a standstill; whether or not it be negligence so to do depends upon the surrounding facts. In some cases, such as Snyder v. Longmead Iron Co., 244 Pa. 325, decided at this term, Solt v. Williamsport Radiator Co., supra, and Best v. Williamsport Staple Co., 218 Pa. 202, the plaintiff's proofs and admissions demonstrated contributory negligence so clearly that there was no issue for the jury, whereas, in others, such as Ralston v. Baldwin Locomotive Works, 240 Pa. 14, the proofs, and the inferences to be drawn therefrom, did not plainly demonstrate contributory negligence, hence the issue had to go to the jury. The rule in the Solt case cannot be applied by a trial judge as a governing principle of law that requires a nonsuit or binding instructions for the defendant, unless the evidence not only demonstrates that the plaintiff was performing work in

a way which was obviously dangerous, when another reasonably safe way was known to him, but it also must show that this other way was clearly and readily available and such as the ordinarily prudent man would have adopted under similar circumstances; and it is far from plain that this was the condition in the present case.

Where one is charged with contributory negligence in doing work in an obviously dangerous manner when a safe way was open to him, unless the manner of performance was so unusual and clearly careless that no two minds could reasonably disagree as to the alleged negligence; evidence that the injured person did the work in the customary way prevailing at his employer's shop is relevant (Cramer v. Aluminum Co., supra 127; Lanahan v. Arasapha Mfg. Co., 240 Pa. 292, 297). The testimony before us indicates that it was not the custom of the defendant's establishment to stop the machinery when work was being performed thereon of the character which the plaintiff was engaged upon when he was hurt; on the contrary, it rather suggests the reverse as the rule of the shop. Under such circumstances, although the plaintiff might be guilty of an assumption of risk (which defense was not available in the present case; Jones v. Caramel Co., 225 Pa. 644, 652), yet, simply because he worked at machinery in motion, he would not be guilty of per se negligence. The testimony depended upon by the defendant to show that the injured man could have had the machinery stopped, had he so requested, is not by any means clear, and the plaintiff stated positively that he "absolutely did not have the right" to have the machinery stopped when doing the particular kind of work that he was engaged in at the time of the accident, and that the manner in which he "performed his duties at that time" was the usual and ordinary way; moreover, one of his fellow-workmen testified that it was not the custom of the shop to shut down running machinery when such work was being done.

But even beyond the evidence already referred to, the judge who heard the testimony states, in his opinion refusing a new trial, that the model which was produced before him plainly showed that ordinarily the work of placing oil in the cup in question could have been performed "while the machinery was in motion, with practically no danger......of coming in contact with the cogs." It appears that this model, although used at the trial by both sides was not formally put in evidence; further, that while the plaintiff was invited to use the model in describing the accident, yet, instead of the minutes in some way showing the various acts indicated by him in connection therewith, the notes simply contain the word "indicating"; so we have no such clear picture of the occurrence as would justify us in saying that the trial judge erred when he stated the model made it plain that if no unforeseeable slip intervened the machinery could be oiled when in motion with "practically no danger"; and if this was the case, it could not be held as a matter of law that the plaintiff was guilty of contributory negligence. We recently had occasion to say, in Wagner v. Standard Sanitary M'f'g Co., 244 Pa. 310, decided at this term,—"When a witness indicates anything that is important to the decision of an issue, counsel......should see that a proper description is placed upon the record at the time, showing not merely the bare fact that the witness indicated something, but exactly what he pointed out, so that the notes may be properly understood by one not present at the trial." Here, counsel for the defendant, if he considered it important, should have seen at the time, or on subsequent cross examination, that the record disclosed more clearly what was indicated by the plaintiff in connection with the model. On the proofs as presented, considering them as a whole, we do not feel that the facts, or the inferences to be drawn therefrom, were so plain that the issue as to the plaintiff's alleged contributory negligence could have been taken from the jury. It may well be that while the

plaintiff was intent upon doing his work in the customary manner prevailing in his employer's shop, and, therefore, in a way which he had reason to believe his superiors approved and considered reasonably safe, his hand unexpectedly and accidentally slipped because of the unusual force he was obliged to apply to the cap, and that this happened without carelessness on his part (Fegley v. Lycoming Rubber Co., 231 Pa. 446, 448; Cramer v. Aluminum Co., 239 Pa. 120, 126, 127; Lanahan v. Arasapha Mfg. Co., 240 Pa. 292, 297).

As to the negligence of the defendant, that is apparent; for had he obeyed the requirements of the Act of May 2, 1905, P. L. 352, this unfortunate accident would not have resulted, but instead of so doing, he left the cogs which caused the injury entirely unprotected, although there was no contention that it was impracticable to guard them; and, incidentally, it developed in the testimony, without objection from counsel for the defense, that some seven months after the injury to the plaintiff they still continued in the same unguarded state.

The remaining question is,—Granting the case was for the jury, was reversible error committed in the course of its submission? The uncontroverted testimony upon the subject indicated that prior to the accident the plaintiff was a strong, healthy, industrious young man, thirty-three years old, who had been steadily employed since seventeen, that for some time he had been earning more than $800 per year in wages from the defendant, that he would probably live at least thirty-three years more, that had he not been injured his earning power would have continued along average lines, and that the accident caused him, in addition to considerable actual expense and physical suffering, the loss of his right hand, with the consequent diminution of earning power ensuing to one dependent upon manual labor for a livelihood. The third assignment refers to a portion of the charge dealing with this evidence in connec-

tion with the measure of damages; thereunder, the sole specific complaint is, that the trial judge practically withdrew from the consideration of the jury the proofs affecting "the prior state of health, habits, and character, perils of employment, present characteristics and other circumstances surrounding the life of the plaintiff" and that his instructions on the question of the damages were likely to create the impression that the only testimony the jury had to consider was the evidence relating to the plaintiff's earning power before and after the accident. The excerpt contained in the specification of error, standing alone, may appear to justify the appellant's criticism, but not so, when this portion of the charge is taken in connection with its context. In the first place, the judge, using our words in Goodhart v. Penna. R. R. Co., 177 Pa. 1, 14, informed the jury that, for the purposes of their consideration the damages could be divided into "three principal items"; first, the expenses; second, compensation for pain, suffering and inconvenience, and third, loss of earnings and diminution of earning power; and the instructions relating to the last of these items is the only matter assigned for error. He said, "It has been admitted that according to the Carlisle Tables this plaintiff's expectancy of life will be thirty-three and two one-hundredths years, and yet, he may not live a year; this table cannot be taken as definitely establishing the plaintiff's expectancy of life, but may be considered with all the other elements in reaching a decision upon this question"; he then called attention to the testimony concerning the plaintiff's actual earnings, and stated, "This testimony should be taken into consideration when deciding what the earning power of the plaintiff was, you should also take into consideration when fixing this item, what his earning power will be in the future; and from these facts, that is, from what his earning power was and what it will be, you should conclude what the loss of earning power will be because of the accident." After this, he told the

jury that while the testimony concerning the wages the plaintiff was receiving at the time of the accident did not absolutely fix his earning capacity, yet, it should be "given weight in determining what his actual earning power was"; finally he said, in making up your verdict you only use the items which I have mentioned as the means or method of deciding what the total amount of damages is, if any, that should be allowed."

When we look at the part of the charge under consideration as a whole, it is evident that the final words employed by the trial judge, to the effect that the jury should "only use the items which I have mentioned," did not apply to items of proof, but to the "three principal items" into which he had divided and classified the damages at the beginning of his instructions, and it is clear that he did not intend a restriction upon the evidence the jury were to take into account in arriving at their final determination; for at the very start, he told them that in deciding as to the probable duration of the plaintiff's life the "other evidence" in the case was to be considered, and this, necessarily must have been intended and understood to mean the other evidence relating to the plaintiff's health, habits, etc. Of course, strictly speaking, the attention of the triers ought to have been expressly directed to the evidence relating to the "circumstances concerning the life of the plaintiff," and they should have been informed regarding its place in their deliberations; therefore, possibly, the portion of the charge assigned for error may be termed inadequate in this respect, and perhaps it is open to just criticism in other particulars, but it contains no positive misstatement of law or anything tantamount thereto. The defendant did not make any special request for instructions on the damages or the evidence relative thereto, and he took no specific exception to those given. Under such circumstances, the rule is, "If an instruction is clearly erroneous upon the question of damages, it is ground for reversal, no matter whether

specific instructions were requested or not, but if the charge be only inadequate, it is the duty of counsel to ask for more definite instructions, and failure to do so will, as a rule, be deemed a waiver of any objections that might otherwise be made," especially where it is obvious that no harm was done by the matter complained of (Burns v. Penna. R. R. Co., 239 Pa. 207) ; and this rule applies in the present instance.

The assignments of error are overruled and the judgment is affirmed.