## May *v.* Baron, Appellant.

Argued January 17, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Mathues Dougherty,* for appellant.

*C. William Kraft, Jr.,* and *Mervyn R. Turk,* for appellee, were not heard.

PER CURIAM, January 31, 1938:

The only error assigned on this appeal is the amount of the verdict. The jury gave the appellee $5,000, which

the court below reduced to $4,000, for injuries sustained as the result of an assault by appellant.

The record discloses the injuries sustained by appellee were serious. Not only was he completely deafened for a month, but at the date of trial, more than a year later, the uncontradicted evidence showed he was permanently deaf in his right ear and partially so in the left, and its complete recovery was possible, but not certain, in not less than three or five years. Appellee's lower lip was so cut that it required stitching, resulting in permanent disfigurement. Three of his upper teeth were knocked out and four more had to be removed. There had been contusions of the chest and abdomen at the time when he was originally treated, and for eight months he expectorated blood as a result of the injury. In addition to hospital care, the appellee required the private services of a doctor and a dentist. While he lost only a month at work, since then, because of his condition, he has been unable to work more than two or three days out of a week.

The jury was entitled to award appellee punitive damages. The assault was a brutal one. Appellant, a younger and stronger man, demanded of the sixty-one-year-old appellee $11.00 allegedly due for the purchase of whiskey. When this was refused appellant immediately struck him in the face, knocked him over in the rocking chair in which he was sitting, and then, while he lay unconscious on the floor in a pool of blood, kicked him several times in the abdomen. In view of all the circumstances, the injuries sustained, the pain and suffering endured, the loss of earning power, the expenses incurred and the malicious and wilful character of the assault, there can be no question the court below did not abuse its discretion in refusing to grant a new trial.

Judgment affirmed.