Ready *v.* Motor Sport, Inc., Appellant.

Argued June 12, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*George J. McConchie,* with him *Cramp and D'Iorio,* for appellant.

*D. Barry Gibbons,* with him *Reed & Gibbons,* for appellee.

OPINION BY ERVIN, J., September 12, 1963:

This is an action in assumpsit brought by the plaintiff to recover damages resulting from the breach of a bailment contract.

The subject matter of the suit is plaintiff's Triumph automobile, which was stolen while in the custody of the defendant. The plaintiff purchased the automobile from the defendant on April 29, 1961 for a price of $3,111.50, paying in cash $2,961.50, leaving a balance due of $150.00 pending installation by defendant of a convertible hardtop. The automobile was delivered to the defendant for installation of the top on December 12, 1961 and was not returned to the plaintiff. The plaintiff proved delivery of the automobile to the defendant and the defendant's failure to return it upon demand. The defendant then produced evidence to show that the automobile was stolen while on its service lot adjacent to the garage. The plaintiff then produced evidence to show that the defendant was negligent in its care of the automobile.

The plaintiff produced an expert who testified that the value of the car at the time of the loss was $2,500.00, and the defendant produced an expert who testified that the value of the automobile was $1,995.00 to $2,000.00. The jury rendered a verdict for the plaintiff in the sum of $2,961.50, which was the exact amount the plaintiff had paid in cash for the automobile.

The defendant filed a motion for a new trial and the court below denied the motion upon appellee's filing a remittitur for that part of the verdict in excess of $2,610.00 within five days. The remittitur was duly filed and judgment entered on the verdict as so reduced. The $2,610.00 figure was made up as follows: Value of the car, $2,500.00; four per cent sales tax, $100.00; notary fees, transfer charges, etc., $10.00.

Counsel for the defendant-appellant argues that it was fundamental error for the court to fail to charge on the question of damages. At the conclusion of the charge the court asked counsel for any additions or corrections. Counsel for the defendant-appellant specifically excepted to two matters not concerned with

the failure to charge on damages. It is now argued that this failure constituted fundamental error and that a new trial should be granted.

The applicable rule of law is that " 'If an instruction is clearly erroneous upon the question of damages, it is ground for reversal, no matter whether specific instructions were requested or not, but if the charge be only inadequate, it is the duty of counsel to ask for more definite instructions, and failure to do so will, as a rule, be deemed a waiver of any objections that might otherwise be made,' especially where it is obvious that no harm was done by the matter complained of." *Fortney v. Breon,* 245 Pa. 47, 56, 57, 91 A. 525; *Hysong v. Kenny Transfer Co.,* 304 Pa. 102, 106, 154 A. 922; *Herb v. Hallowell,* 304 Pa. 128, 154 A. 582; *Harman v. Chambers,* 358 Pa. 516, 520, 521, 57 A. 2d 842.

In the present case the defendant-appellant has not been harmed by the court's failure to charge on the question of damages because under the judgment as finally entered it will not be obliged to pay any more money than it would have been obliged to pay had the charge been adequate on the question of damages. The measure of damages applicable in a breach of contract is that the aggrieved party shall be placed as nearly as possible in the same position he would have occupied had there been no breach: *Harmon v. Chambers,* supra, at page 521. To place the plaintiff in the same position he would have occupied had there been no breach, it would be necessary to pay him the value of the automobile at the time it was stolen, which his expert witness testified was $2,500.00. It would also be necessary for him to purchase a new automobile and he would again have to pay the sales tax in order to make such purchase. Counsel for the defendant in the court below brought out the fact that the sales tax was not included in the value of the automobile as given by the expert. He also brought out the fact

that it is money which the customer pays to the state and that the same thing applied to any notary fees, cost of license transfers, etc. This evidence clearly showed that, in order for the plaintiff to be made whole, he would have to receive the sales tax and transfer charges in addition to the value of the automobile at the time it was stolen. This is not a case where one is suing merely for damages to an automobile but is a case in which the plaintiff will have to purchase another automobile to take the place of the one which was stolen. In such a case as this, it is entirely proper to include these items.

Counsel for the defendant-appellant also questions the authority of the court below to order a remittitur. This authority may be found in the case of *Bell v. Yellow Cab Co.*, 399 Pa. 332, 160 A. 2d 437, where our Supreme Court ordered a verdict reduced from $29,150.-00 to $27,800.00, so that the sum of $1,350.00, which had been erroneously included because of testimony which should not have been admitted, could be removed. See also the case of *May v. Baron*, 329 Pa. 65, 196 A. 866, where our Supreme Court approved the action of the court below in reducing a $5,000.00 verdict to $4,000.00 because it was excessive in this amount.

We think that the court below was justified in taking the valuation of the plaintiff's expert rather than that given by the defendant's expert because of the jury's verdict in favor of the plaintiff.

Counsel for the defendant-appellant also complains as to that portion of the court's charge as follows: ". . . we say to you generally that if you find in this case that there was a definite understanding or agreement reached between this plaintiff and an authorized agent of this defendant company . . ., in which it was understood and agreed that this particular car would be garaged, . . . and that this defendant company

breached that agreement or failed to fulfill their promise, you might infer negligence from that fact alone."

Certainly the defendant could foresee that its failure to keep the car in a garage rather than on an open lot would make it susceptible to theft. The court in its charge referred to many other factors which might be considered by the jury in weighing the question of the defendant's negligence. It included the failure to garage as one of the factors which it might consider. We can see no error in this.

Judgment affirmed.

---

DISSENTING OPINION BY FLOOD, J.:

The jury found for the plaintiff for the price he paid for the automobile more than seven months before it was stolen. Under the law the limit of the plaintiff's recovery was the value of the car on the date when it was stolen. If there had been no dispute as to this value, the court could and should have reduced the verdict to this sum. However, the value was disputed, the plaintiff's expert valuing it at $2500 and the defendant's expert testifying that it was worth approximately $2,000. The resolution of this dispute is for the jury, not the court. The jury has found that the defendant is liable to the plaintiff, but it has not determined the value of the automobile. In the absence of jury waiver, art. I, §6 of the Constitution prevents the court from determining this fact by resolving the conflicting testimony as to value.

While the court has merely directed a new trial in the event that a remittitur is not filed by the plaintiff, in effect its order compels the defendant to accept the plaintiff's expert's testimony as to value. This it has no right to do and is usurping the jury's function when it does so.

I would grant a new trial as to damages only. MONTGOMERY, J., joins in this dissent.