Opinion by
Montgomery, J.,
These appeals arise from an action in trespass for personal injuries resulting from an automobile accident that occurred on November 20, 1957, at or about 8:00 A.M., several miles east of the City of Pittsburgh on Route 22 near Rodi Road. The accident occurred when a Crosley car, which had been converted from a sedan to a truck, operated by William C. Wissel (Wissel) collided with the rear of an automobile operated by Delmont J. Kennedy, Jr. (Kennedy). In his complaint Kennedy averred that Wissel at the time of the accident either was acting in his own behalf or, in the alternative, was acting in behalf of his employer, Ban-bury Equipment Corporation (Banbury). After a jury trial, on October 8, 1962, a verdict was returned for Kennedy against both Wissel and Banbury in the *244 amount of $110 with a verdict over in favor of Ban-bury against Wissel.
One appeal is of Wissel alone from the grant of a new trial, on motion by Kennedy, for the sole reason that the verdict was inadequate. The grant of a new trial because of inadequacy of the verdict is a matter peculiarly within the discretion of the trial court, and the appellate court will not interfere in the absence of a gross abuse of that discretion. Simpkins v. Richey, 192 Pa. Superior Ct. 46, 159 A. 2d 17.
From our review of the evidence on damages in this case, we conclude that the trial court’s order was justified. Kennedy testified that he and a passenger, Mike Mavroudis, were thrown about in the car, which was pushed forward with such force that his car was severely damaged both in the front and in the rear by the accident. Kennedy was dazed but not unconscious at the time of the accident. Although he suffered bruises of his left shoulder, left arm, and left hip in the accident, later his complaints were confined to the cervical region of his back. Within two days of the accident Kennedy consulted his family physician, Dr. Samuel A. Steffler, who prescribed medicines and heat treatments for the neck pains. In January of 1958, Kennedy consulted Dr. M. S. DeRoy, whose diagnosis was a sprain of the cervical region of the neck and the cervical dorsal spine, superimposed on a pre-existing osteoarthritis of the cervical spine, and who gave him seven neck stretching treatments and other physical therapy. Then Kennedy returned to the care of Dr. Steffler, who, although not giving him actual therapy treatment, prescribed drugs for relief of pain. Mrs. Kennedy, a registered nurse, gave him physical therapy treatments. Much of the testimony was uncontradicted by Wissel. Neither defendant offered medical testimony.
*245 Tlie out-of-pocket expenses proved by the plaintiff totaled $1,000, as follows: Dr. Steffler, $620; Dr. DeRoy, $90; X-ray bill, $20; a vibrating machine, $20; and medicines, $250. The trial court stated in its opinion, “It is obvious, however, from the uncontradicted testimony that plaintiff did suffer pain and inconvenience,” and referred to the principles enunciated in Thompson v. Iannuzzi, 403 Pa. 329, 169 A. 2d 777, that where there has been an injury through the negligence of the defendant, the plaintiff has been subjected to medical treatment, and there is further conclusive proof of pain and suffering, the plaintiff is entitled to not only his out-of-pocket expenses but compensation for pain, suffering, and inconvenience.
The other appeal is by Kennedy from an order allowing Banbury Equipment Corporation to file an answer, in which it denied any agency relationship between it and Wissel, after the expiration of the time to file an answer allowed by Pa. R. C. P. 1045. However, since the jury returned a verdict against both defendants, no prejudice to Kennedy yet has been shown to have been caused by that order. Even if an appeal from that order had been taken prior to trial, it would have been quashed as interlocutory. Mackowain v. Gulf Oil Corporation, 369 Pa. 581, 87 A. 2d 314. In the present state of the record, with a new trial having been granted, the order lacks appealability and will remain interlocutory until a final judgment has been entered on the merits of the case in the court below, at which time the question may become moot if plaintiff obtains a verdict against both defendants at the new trial.
That no motion to quash the plaintiff’s appeal is before us will not preclude our acting. It is well established that an appellate court may dismiss an appeal on its own motion where it appears that the court is without jurisdiction or authority or that the judg *246 ment sought to be reviewed is not final. See Dipple v. Pittsburgh, 373 Pa. 307, 95 A. 2d 925; 5 Am. Jur. 2d, Appeal and Error §918.
Appeal of Delmont J. Kennedy, Jr., quashed; order affirmed in appeal of William C. Wissel.