## Troncatti, Appellant, v. Smereczniak, Appellant.

Argued November 15, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Paul A. Simmons*, with him *Tempest & Simmons*, for plaintiff.

*Lisle A. Zehner*, for defendant.

OPINION BY SPAULDING, J., June 16, 1967:

On March 24, 1959 at approximately 8:30 a.m., plaintiff Vincent P. Troncatti was struck by an automobile owned and operated by defendant Metro M.

Smereczniak. At the time, plaintiff was working as a flagman for the state department of highways. The accident, which occurred on Route 88 near Wickerhams Corner, Washington County, Pennsylvania, caused injury to plaintiff's left hip, right leg, and left hand. Although the total medical bills were $148.94, the jury rendered a verdict in favor of plaintiff for $9,846.94.

The court en banc set aside the verdict as being grossly excessive and ordered a new trial limited to damages.[1] Plaintiff alleges the verdict was not excessive and asks that it be reinstated. In the alternative, plaintiff seeks a remittitur. Defendant asks for a new trial on the issue of liability as well as damages.

We have frequently recognized that a trial court may grant a new trial where the verdict is so excessive as to shock the court. On appeal, the only question is whether the trial court abused its discretion. *Messer v. Beighley,* 409 Pa. 551, 187 A. 2d 168 (1963); *Kennedy v. Banbury Equipment Corporation,* 202 Pa. Superior Ct. 242, 195 A. 2d 832 (1963). In the instant case, plaintiff sustained leg bruises which healed in a few weeks and "loss of ability completely to straighten or extend the fourth finger and to completely bend the fourth and fifth finger."[2] This injury resulted in a 30% loss of gripping power to the left hand.[3] He lost no wages as a result of the accident and no loss of earning power was proved. The court en banc considered the verdict "one of the worst, if not the worst, instances of excessiveness in our experience as lawyers and as judges."

---

[1] The trial occurred on June 10-13, 1963 before Judge DAVID H. WEINER, who is no longer on the court. None of the members of the court en banc (Judges CHARLES G. SWEET, BARRON P. McCUNE, ALEXANDER R. CURRAN), were on the court at the time of trial.

[2] Plaintiff's physician, Dr. Ross Richardson, so testified at the trial.

[3] Plaintiff is right-handed.

In light of the above, the court below did not abuse its discretion in setting aside the verdict as excessive.

In objecting to a limited new trial, defendant relies on *Berkeihiser v. DiBartolomeo*, 413 Pa. 158, 196 A. 2d 314 (1964), where the Supreme Court reversed a new trial as to damages and ordered a general new trial. In that case, the jury awarded a verdict of $38,920.00 which the trial court considered excessive. Although the cases relied on by the court (*Daugherty v. Erie Railroad Company*, 403 Pa. 334, 169 A. 2d 549 (1961); *Cason v. Smith*, 188 Pa. Superior Ct. 376, 146 A. 2d 634 (1958)) involved inadequate verdicts and the possibility of compromise, *Berkeihiser* apparently precludes the granting of a limited new trial in excessiveness cases. *Caine v. Collins*, 194 Pa. Superior Ct. 230, 166 A. 2d 675 (1960), also referred to in *Berkeihiser*, involved a conflict in testimony and not an excessive verdict.

Under *Berkeihiser*, we cannot sustain the granting of a limited new trial.

Our authority to order a remittitur is well established and was recently reiterated by President Judge ERVIN in *Ready v. Motor Sport, Inc.*, 201 Pa. Superior Ct. 528, 532, 193 A. 2d 766 (1963): "This authority may be found in the case of Bell v. Yellow Cab Co., 399 Pa. 332, 160 A. 2d 437, where our Supreme Court ordered a verdict reduced from $29,150.00 to $27,800.00, so that the sum of $1,350.00, which had been erroneously included because of testimony which should not have been admitted, could be removed. See also the case of May v. Baron, 329 Pa. 65, 196 A. 866, where our Supreme Court approved the action of the court below in reducing a $5,000.00 verdict to $4,000.00 because it was excessive in this amount."

In the instant case, plaintiff died on August 28, 1964 making it virtually impossible to determine pain and suffering and loss of earning power. Three doctors

treated him for injuries resulting from this accident. Dr. Ralph Koehler has had serious strokes and is physically incapable of appearing in court. Dr. Donald Koehler has been serving on a hospital staff in Wyoming for more than five years. Dr. Ross Richardson, who testified at trial, did not examine plaintiff until more than six months after trial, when his leg injuries had healed. Since the trial judge is no longer on the bench and the court en banc's first contact with the case was on appeal, no judge is familiar with the trial atmosphere. Under these unusual circumstances, plaintiff contends a remittitur is the only way to cure this excessive verdict and is therefore justified.

However, this Court could only speculate on the proper amount as a remittitur since it has no guidelines for determining the sum due the plaintiff. A second factor prevents our ordering a remittitur. In *Bell v. Yellow Cab Company*, supra at 334, the Court stated: "Obviously, the court could not properly have entered judgment for the plaintiff for the reduced amount . . . if there were other possible and undisposed of grounds assigned for a new trial."

In the instant case, the trial court erred in its charge on present worth since it failed to instruct on the legal rate of interest at six percent. The failure to so charge was considered fundamental error requiring a new trial in *Gregorius v. Safeway Steel Scaffolds Company*, 409 Pa. 578, 187 A. 2d 646 (1963). The six percent rule was reaffirmed in *Brodie v. Philadelphia Transportation Company*, 415 Pa. 296, 300, 203 A. 2d 657 (1964), wherein the Court granted a new trial and concluded: "In Pennsylvania in reducing future damages to their present worth, the interest must be computed simply and at the lawful rate of six per cent only [citing *Gregorius*]." In light of these cases, a general new trial is required since a remittitur would not cure this fundamental error.

Plaintiff's motions to reinstate the verdict and for a remittitur are denied. Defendant's motion for a general new trial is granted.

The order of the court below, as modified, is affirmed.

JACOBS, J., concurs in the result.

---

DISSENTING OPINION BY HOFFMAN, J.:

I respectfully dissent.

I cannot agree with the conclusion of the majority that "[u]nder Berkeihiser [v. DiBartolomeo, 413 Pa. 158, 196 A. 2d 314 (1964),] we cannot sustain the granting of a limited new trial."

*Berkeihiser* relied on earlier decisions in which the damages awarded to the plaintiff were concededly inadequate. In those cases, because of the likelihood of a jury compromise on the issue of liability, fairness to the defendant forbade the granting of a new trial limited to the issue of damages alone. *Berkeihiser* extended that prohibition to a case, like the present one, in which the damages awarded were not inadequate, but excessive, and in which there was no likelihood of a compromise verdict.

Nevertheless, *Berkeihiser* does not preclude the granting of a limited new trial in *all* cases where it is alleged that the jury awarded excessive damages. The Court, in *Berkeihiser* did note that " '. . . where the question of liability has been fairly determined and defendant makes no complaint in respect thereto, it is not improper to eliminate the issue of negligence from further consideration by the jury at the new trial.' " (p. 162) The Supreme Court has apparently adopted this standard in later cases. See, e.g., *Nakles v. Union Real Estate Company of Pittsburgh,* 415 Pa. 407, 411, 204 A. 2d 50 (1964).

Applying the above standard to the controversy before us, it is clear that defendant's negligence was

fairly determined and fully established by the evidence. The defendant, in fact, does not complain of any trial errors affecting the matter of liability. In his brief on appeal, he argues: (a) that the verdict was excessive, (b) that the trial court improperly charged the jury on the measure of damages relating to plaintiff's loss of earning power, (c) that the trial court improperly permitted a medical witness to state his opinion concerning the plaintiff's reduced earning capacity, and (d) that the trial court erred in its charge on "present worth" by failing to instruct the jury on the legal rate of interest.

All of these errors, if errors they were, can be corrected in a new trial limited to the issue of damages alone. I see, therefore, no compelling reason in policy or precedent which requires the granting of a new trial generally.

I would affirm the order of the court en banc granting a new trial limited solely to the issue of damages.