## Troncatti, Appellant, *v.* Smereczniak.

Argued October 2, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paul A. Simmons,* with him *John W. McIlvaine,* and *Tempest & Simmons,* for appellant.

*G. H. Weaver,* with him *Lisle A. Zehner* and *August L. Sismondo,* for appellees.

OPINION BY MR. JUSTICE EAGEN, November 28, 1967:

The plaintiff, Vincent P. Troncatti, while working as a flagman on the highway for the Pennsylvania Department of Highways, was struck and injured by an automobile operated by the defendant. He sued for damages and at trial the jury awarded him $9,846.94. The defendant filed motions for judgment notwithstanding the verdict or for a new trial. In support of the last mentioned motion, the following reasons were assigned: "1. The verdict was against the evidence.

2. The verdict was against the weight of the evidence. 3. The verdict was against the law. 4. The verdict was against the charge of the Court. 5. That in the interest of Justice a new trial should be allowed. 6. That the verdict was grossly excessive."

The court en banc dismissed the motion for judgment n.o.v., but set aside the verdict as being grossly excessive and ordered a new trial limited to the question of damages. Both parties appealed to the Superior Court, which subsequently set aside the order of the trial court awarding a limited new trial and directed a new trial generally, 210 Pa. Superior Ct. 329, 231 A. 2d 886 (1967). We granted allocatur.

The opinion of the Superior Court indicates approval of the lower court's order but ruled that our decision in *Berkeihiser v. DiBartolomeo*, 413 Pa. 158, 196 A. 2d 314 (1964), precludes the granting of a *limited new trial in an excessiveness case*. No other reason is advanced in support of its order directing a new trial generally.

The granting of a new trial limited to the issue of damages was not permissible under the common law. See *Farrar v. Wheeler*, 145 F. 482 (1st Cir. 1906); *May Dep't Stores Co. v. Bell*, 61 F. 2d 830 (8th Cir. 1932); Annot., 85 A.L.R. 2d 9, 19 (1962). However, in the interest of justice and in order to expedite the final disposition of litigation, Pennsylvania and most other jurisdictions have wisely adopted a rule permitting such limited new trials under certain specific circumstances. While the power to grant a limited new trial should be cautiously exercised, as we pointed out in *Berkeihiser v. DiBartolomeo*, supra, at 162, " ' "where the question of liability has been fairly determined and defendant makes no complaint in respect thereto, it is not improper to eliminate the issue of negligence from further consideration by the jury at the new trial." ' " We see no logical or common-sense reason why the above rule

should not obtain in excessiveness cases as well as in instances where the jury's verdict is inadequate, and we did not intend our decision in *Berkeihiser* to indicate otherwise. In fact, implicit in our orders in *Gregorius v. Safeway Steel Scaffolds Co.*, 409 Pa. 578, 187 A. 2d 646 (1963), and *Nakles v. Union Real Estate Co.*, 415 Pa. 407, 204 A. 2d 50 (1964), was approval of the granting of a limited new trial in excessiveness cases, where the issue of liability has been fairly determined and the only complaint as to trial error involves the issue of damages.

In the instant case the liability of the defendant was "fairly determined." The question of damages is readily separable from the issue of liability. In his new trial motion, the defendant asserted no errors concerning trial rulings that might affect the liability issue. The only complaint aside from the excessiveness of the award was that the verdict was against the weight of the evidence. This is completely devoid of merit since there was ample evidence to sustain a verdict in favor of the plaintiff.[1] Under such circumstances, it was not an abuse of discretion for the trial court to order a limited new trial. Moreover, this accident occurred in February 1960, and a final disposition of the litigation should be encouraged, consonant with the principles of fairness and justice.

The order of the Superior Court is reversed and the order of the Court of Common Pleas of Washington County is re-instated.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

Where appellant contends that the verdict is against the weight of the evidence or was excessive, a trial

---

[1] The plaintiff testified and his testimony was corroborated by other witnesses that he was struck by defendant's automobile while he was standing completely off the concrete portion of the highway.

Court should not limit its grant of a new trial to damages only, *unless there was no real dispute as to liability.* If there is a substantial dispute as to liability, then a new trial generally should be granted.

For this reason, I would affirm the decision of the Superior Court which set aside the Order of the lower Court which had awarded a new trial, limited to damages only.