Opinion by
 

 Jacobs, J.,
 

 In this negligence action involving a right-angled intersection collision the plaintiff secured a jury verdict in the amount of $500.00. On plaintiff’s motion the court below granted a new trial limited to damages and the defendant appealed.
 

 Two questions present themselves for our consideration: Did the court below abuse its discretion in
 
 *400
 
 granting a new trial because the verdict was inadequate? If it did not, was this a proper case to limit such a new trial to a consideration of damages only?
 

 The collision occurred on January 25, 1961 at the intersection of Thirty-Third Street and Lancaster Avenue in Philadelphia at 9:30 a.m. on a clear dry day. The sixty-eight year old plaintiff was going north on Thirty-Third Street and the defendant was driving east on Lancaster Avenue. The intersection was controlled by a traffic light and each party claims that he had the green light. Plaintiff’s automobile was hit on the left side toward the rear and it was agreed that the damages to the automobile were $117.00. At the time of trial the plaintiff was senile and his testimony was presented through a discovery deposition that had been taken on August 13, 1962 by the defendant. According to plaintiff’s deposition, he had no visible personal injuries, but immediately after his car came to rest he felt pain in his back and groin. Plaintiff consulted a physician. The physician testified at trial and stated that on the initial examination plaintiff showed indications of having a left inguinal hernia. He sent the plaintiff to a surgeon on January 30, 1961. The surgeon operated on the plaintiff for a hernia for which plaintiff was hospitalized. In the opinion of both the physician and the surgeon the hernia was caused by the injuries received in the collision. The physician also treated plaintiff for a back sprain, in twelve office visits, for which he charged $65.00. The hospital bill was $361.00 and the surgeon’s bill was $250.00. The plaintiff was away from his work for thirteen weeks and his average earnings per week were $87.50.
 

 Defendant called a physician who had examined the plaintiff on June 19, 1961. He testified that in his opinion the hernia was not caused by the accident. The deposition of a passenger in the defendant’s automo
 
 *401
 
 bile was introduced. In tbe deposition he stated that be was unable to recall tbe details of tbe accident or who bad tbe green light. Apparently tbis witness bad made a statement in 1961 which was shown to him at tbe conclusion of bis deposition. He said that tbis did not refresh bis recollection with regard to tbe light. He then read tbis statement into tbe deposition but upon objection by plaintiff’s counsel at tbe trial tbe court would not permit that part of the deposition to be read to tbe jury. Tbe defendant contends that the lower court erred in refusing to allow tbis statement to be read into tbe evidence and in permitting tbe deposition of tbe plaintiff to be used at tbe trial because it was not shown that tbe plaintiff was competent at the time be made tbe deposition or incompetent at tbe time of trial. Tbe defendant voiced bis objections at tbe trial of tbe case but never filed a motion for a new trial.
 

 Tbe court below considered tbe award “patently inadequate” because even if tbe jury disallowed tbe hernia, tbe verdict was considerably less than the out-of-pocket expenses incurred otherwise, and allowed nothing for pain and suffering.
 

 An order awarding a new trial for inadequacy of verdict will not be reversed on appeal unless there has been clear, palpable or gross abuse of discretion.
 
 Bedillion v. Frazee,
 
 408 Pa. 281, 183 A. 2d 341 (1962). Whether or not a new trial for inadequacy of the verdict should be granted or refused is a matter for tbe sound discretion of the trial court.
 
 Takac v. Bamford,
 
 370 Pa. 389, 88 A. 2d 86 (1952). In tbe absence of a clear, palpable or gross abuse of discretion we should not reverse. When we examine, tbe testimony before tbe court we cannot find that tbe court abused its discretion in awarding a new trial. The plaintiff was away from work for thirteen weeks. There is no de
 
 *402
 
 nial that he did have a back sprain. The physician treating his back did not discharge him until March 23, 1961. The verdict was considerably less than his out-of-pocket expenses. There was no clear indication that this was a compromise verdict as in
 
 Elza v. Chovan,
 
 396 Pa. 112, 152 A. 2d 238 (1959). In view of these facts we cannot find that the lower court abused its discretion.
 

 We do not, however, agree with the lower court that this is a proper case for a limited new trial. Although a new trial limited to damages could not be granted at common law, our courts have permitted such limited new trials under certain specific circumstances.
 

 The power to grant limited new trials should be exercised cautiously, however.
 
 Troncatti v. Smereczniak,
 
 428 Pa. 7, 235 A. 2d 345 (1967). Our cases indicate that there are two situations where the grant of a new trial limited to damages is proper. First, in
 
 Cason v. Smith,
 
 188 Pa. Superior Ct. 376, 385, 146 A. 2d 634, 638 (1958);
 
 Berkeihiser v. DiBartolomeo,
 
 413 Pa. 158, 162, 196 A. 2d 314, 315-16 (1964); and in
 
 Troncatti v. Smereczniak,
 
 428 Pa. at 9, 235 A. 2d at 346, it is said: “ * “Where the question of liability has been fairly determined and defendant makes no complaint in respect thereto, it is not improper to eliminate the issue of negligence from further consideration by the jury at the new trial.” ’ ” Second, “when one of the issues is so definitely and conclusively settled by a verdict that reasonable men could not be expected to arrive at a different conclusion, it is not necessary to retry such issue.”
 
 Friedman v. Matovich,
 
 191 Pa. Superior Ct. 275, 280, 156 A. 2d 608, 611 (1959); see also
 
 Berkeihiser r. DiBartolomeo,
 
 413 Pa. at 162, 196 A. 2d at 315. The case before us does not meet the requirements of either situation. The defendant, who is the appellant in this case, alleges trial errors going direct
 
 *403
 
 ly to the matter of liability
 
 [1]
 
 and the evidence is so conflicting that reasonable men could easily differ on the liability. This case not having fallen within one of the exceptions enumerated above, the court below exceeded its power when it limited the grant of the new trial. A new trial is granted generally.
 

 The order of the court below is modified by striking out the limitation of the new trial and as so. modified is affirmed.
 

 [1]
 

 These objections are properly before us to show that defendant complains on the liability issue and that the order of a limited new trial was error. They are not before us for any other purpose and will not be passed upon by us. The court below was not given an opportunity to pass upon them in a motion for new trial which fairness and orderly procedure require. See
 
 Paul v. Dwyer,
 
 410 Pa. 229, 188 A. 2d 753 (1963) and
 
 Magaro v. Metropolitan Edison Co.,
 
 130 Pa. Superior Ct. 323, 197 A. 550 (1938).