Gagliano *v.* Ditzler et al., Appellants.

Argued September 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Anthony J. Giangiulio,* with him *William H. Pugh, IV, J. Peirce Anderson,* and *Bean, DeAngelis, Tredinnick and Giangiulio,* for appellants.

*Vincent Cirillo,* for appellee.

OPINION BY WRIGHT, P. J., November 14, 1968:

On May 19, 1962, at about 10:15 P.M., on Stump Hall Road, Worcester Township, Montgomery County, an automobile owned and operated by Dr. Anthony C. Gagliano collided with a tractor and haywagon owned by Benjamin F. Hitchens, Jr., and operated by his employe, Richard Ditzler. Dr. Gagliano and the passengers in his car (wife and four children) instituted a trespass action which ultimately resulted in a verdict for Dr. Gagliano in amount of $650.00, and for the five passengers in amount of $170.00 each. All plaintiffs other than Dr. Gagliano accepted their verdicts. Dr. Gagliano filed a motion for a new trial on the ground that his verdict was against (a) the evidence (b) the weight of the evidence (c) the law and (d) the charge of the court. Although leave was requested to file additional reasons, no additional reasons were filed. The court en banc granted Dr. Gagliano a new trial limited to the issue of damages. The defendants have appealed.

It was the theory of Dr. Gagliano that the tractor was occupying the center of the roadway, that he was

blinded by its headlights, and that the haywagon did not carry electric clearance lamps as required of trailers by Section 801 of The Vehicle Code (75 P.S. 801). It was defendants' theory that the tractor-haywagon combination was on the right shoulder of the road and was actually stopped at the time of the collision. All parties agree that the left side of Dr. Gagliano's car struck the left front corner of the haywagon. The defendants submitted a motion for binding instructions and points for charge which emphasized their contentions (a) that there was no negligence on their part and (b) that Dr. Gagliano was guilty of contributory negligence. These issues were submitted to the jury at considerable length in the charge of the trial judge, which covers over sixty pages in the voluminous record.

We deem it unnecessary to burden this opinion with a detailed recital of the testimony. The court en banc concluded that the jurors had failed to comprehend the extent and seriousness of Dr. Gagliano's injuries, and that the amount of his verdict was grossly inadequate. Although some of us might not have arrived at such a result, we all agree that the matter was within the discretion of the court below, and that the grant of a new trial was not an abuse of that discretion. Cf. *Getts v. Balliet*, 431 Pa. 441, 246 A. 2d 108.

The majority of the members of this court are firmly of the opinion, however, that the court below erred in limiting the new trial to the issue of damages. The power to grant limited new trials should be exercised cautiously: *Rosen v. Slough*, 212 Pa. Superior Ct. 398, 242 A. 2d 898. In the case at bar, the evidence on liability was conflicting, and that issue was hotly contested during the six-day trial. It is manifestly unfair on this record to afford Dr. Gagliano a second chance on the issue of damages without also affording

the defendants a second chance on the issue of liability. See dissent of the writer in *Cason v. Smith,* 188 Pa. Superior Ct. 376, 146 A. 2d 634, and the recent opinions of Judge SPAULDING in *Troncatti v. Smereczniak,* 210 Pa. Superior Ct. 329, 231 A. 2d 886; and *Rutter v. Morris,* 212 Pa. Superior Ct. 466, 243 A. 2d 140. It is true that the *Troncatti* case was reversed by a majority of our Supreme Court[1] on the ground that the liability of the defendant had been fairly determined and defendant made no complaint in that regard. In the instant case, however, there was a serious question as to liability, that issue was vigorously disputed, and the record discloses substantial support for defendants' position. The defendants should not be penalized because they were willing to pay the modest verdicts rather than to file post-trial motions. It is our view that a general new trial must be awarded.

The order of the court below is modified by striking out the limitation of the new trial, and as so modified is affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:

I dissent from the modification of the order of the court below. In my opinion it is particularly appropriate in this case to limit the new trial to the issue of damages. I believe that the holding of the majority casts serious doubt upon the vitality of *Troncatti v. Smereczniak,* 428 Pa. 7, 235 A. 2d 345 (1967).

The court below awarded a new trial limited to damages after finding that the jury had disregarded the evidence relating to the personal injuries allegedly suffered by appellee. The jury returned a verdict of $650 in favor of appellee. *There is no suggestion that*

---

[1] *Troncatti v. Smereczniak,* 428 Pa. 7, 235 A. 2d 345.

*this amount signifies a "compromise" verdict resulting from uncertainty as to the negligence of either party.* To the contrary, it is appellants' contention that the jury arrived at the amount of the verdict by rejecting appellee's evidence relating to his personal injuries and awarded damages only for the loss of appellee's automobile.

A review of the evidence relating to appellee's personal injuries supports the lower court's award of a new trial for insufficiency of damages. As a result of the collision, appellee allegedly suffered neck injuries causing a "lipping" of the cervical vertebrae. The "lipping", a bony growth or deposit on the vertebrae, caused the vertebrae to impinge upon the ulnar nerve, with a resulting partial loss of the use of the little and ring fingers of the right hand. According to appellee, because of the progressive deterioration of his right hand, he was forced to abandon his medical specialty of obstetrics and pediatrics and begin a new practice of geriatrics, with a resulting substantial loss of income. He testified to constant pain and suffering caused by the injury. Medical experts testified that the injury was permanent and might require surgery if the condition continued to deteriorate. These experts also substantiated the allegation that the use of the hand has been considerably impaired and that appellee also suffered a 20% to 30% loss of neck motion.

The crux of appellants' argument that the trial court abused its discretion in ordering a new trial for insufficiency is that the trial court ignored the defense that appellee's physical condition already existed at the time of the accident and did not result from injuries sustained in the collision. This defense was based upon the contention that x-rays taken three days and sixteen days after the accident revealed the pres-

ence of "lipping". All medical experts agreed that it would take at least six weeks from the time of the injury for the "lipping" to form if it was the result of the injury. None of the three medical experts presented by the appellee testified to the results of the x-rays taken three days after the accident. One of appellee's medical experts did testify that the x-rays taken sixteen days after the injury were taken for the purpose of determining whether there had been any fracture and that the x-rays revealed no fracture. Appellants' medical expert testified that he had not seen any of the x-rays taken shortly after the accident. This expert did testify, however, that he had read a report of the x-rays taken in 1962 and that the report indicated that "lipping" appeared on the x-rays. This is the only testimony which may be construed to indicate the presence of "lipping" at the time of the accident. Besides being pure hearsay, the testimony does not indicate whether the report to which the witness referred was a report of x-rays taken shortly after the accident or other x-rays taken substantially later in 1962.

Because of the extreme weakness of appellants' evidence and the abundance of evidence offered by the appellee showing that the "lipping", and concomitant damage to the ulnar nerve, were a result of injuries sustained in the collision and not a pre-existing, naturally developed condition, the majority holds that the lower court did not abuse its discretion in awarding a new trial for insufficiency of the verdict. I concur in this holding, but do not agree that the lower court abused its discretion in limiting the new trial to the issue of damages.

The result in this case is governed by *Troncatti v. Smereczniak*, *supra*, which held that "where the question of liability has been fairly determined and defend-

ant makes no complaint in respect thereto, it is not improper to eliminate the issue of negligence from further consideration by the jury at the new trial."

The majority holds that the lower court *abused its discretion* in excluding the issue of negligence from the new trial because "in the instant case . . . there was a serious question as to liability, that issue was vigorously disputed, and the record discloses substantial support for the defendants' position." *Troncatti* clearly indicates that *the mere fact that liability was seriously contested at trial does not impair the discretion of the trial court* to limit the new trial to damages. Chief Justice BELL dissented in *Troncatti* because the majority of the Supreme Court in that case *rejected* the contention that it was an abuse of discretion for a trial court to limit a new trial where there was a substantial dispute as to liability. *Id.,* 428 Pa. at 10. Nevertheless, the *only* ground offered by the majority to support its holding in the instant case is that liability was contested at the trial.

Application of the *Troncatti* standards for the exercise of trial court discretion requires holding that the lower court did not abuse its discretion in limiting the new trial. Even the appellants in the instant case negate the suggestion that the insufficiency of the verdict resulted from jury compromise on the issue of appellants' liability. The chief evil of a limited new trial where liability is contested is that the "insufficiency" of damages awarded to plaintiff may result from a "compromise" verdict. Thus, the defendant may be prejudiced by a limited new trial because of inability to present evidence relating to the negligence or contributory negligence of the plaintiff. Since there was no compromise verdict here, this potential danger is not a consideration.

Moreover, there is no suggestion by appellants that the issue of liability was not "fairly determined" and there is ample support in the record for the jury's finding on this issue. Appellants make no suggestion that errors of law affecting the determination of liability were committed at trial. Appellants made no post-trial motions and make no contentions in this Court that any such errors exist. The issues of liability and damages are easily separable and a limited new trial will afford appellants a full and fair opportunity to present their defense to appellee's personal injury claim. Under these circumstances, *Troncatti* requires a holding that the lower court did not abuse its discretion in limiting the new trial to damages.

I would therefore affirm the order of the court below without modification.

HOFFMAN, J., joins in this dissent.