Doytek *v.* Bobtown Rod and Gun Club, Appellant.

Argued April 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John I. Hook, Jr.,* for appellant.

*R. Thompson,* with him *John E. Baily,* and *Thompson and Baily,* for appellee.

OPINION BY WRIGHT, P. J., June 11, 1970:

John P. Doytek filed a complaint in trespass against the Bobtown Rod and Gun Club, a nonprofit corporation, and against Edward Srbinovich, a member of the club, to recover damages for injuries sustained by the plaintiff on February 20, 1966, while inside the club premises. At the initial trial the jury returned a verdict for the plaintiff against the defendant club in the amount of $4,500.00, and against the individual defendant in the amount of $1,000.00. According to the court below, " a new trial was unanimously agreed upon because of the improper verdict split used by the jury". The second trial resulted in a verdict for the individual defendant, and in favor of the plaintiff against the club for medical expenses only in amount of $853.22. The club defendant filed a motion for a judgment n.o.v., and the plaintiff filed a motion for a new trial. The court below refused the club's motion for judgment n.o.v., and granted the plaintiff a new trial against the club defendant limited to the amount of damages. The club has appealed.[1] The factual situation and judicial rationale appear in the following excerpt from the opinion below:

"The facts, similarly elicited at each of the two trials the case has now had, are that John P. Doytek went to the Club on that day, in the afternoon, with a club member. While there, he and three others were playing cards, all of them consuming liquor and beer in the process. At about 7:30 p.m., on that day, a re-

---

[1] No appeal has been taken from the denial of plaintiff's motion for a new trial as to the individual defendant.

nege was called in the card game, and tempers flared, prompting the defendant, Srbinovich, to grab Doytek by the front of his shirt, pull him up from his seat, and as he did so, Doytek fell to the floor from his seat, with his left leg broken in two (2) places. The leg did not heal quickly and the plaintiff did not work for over a year, and even at the time of the second trial nearly two (2) years later, was somewhat crippled and partially disabled. . .

"It is a strange conclusion the jury reached in each instance and while we fully understand that post-trial motions are not intended to serve as a springboard for post-mortems of a jury verdict; nevertheless some attempt to understand its significance can be reasonably utilized to the best ends of justice. With respect to the defendant, Srbinovich, we charged that he could be liable both for the direct trespass, if the defendant's injury was found to be the proximate result of his act, as well as from negligence, if found to exist, on the same condition.

"On the other hand, the Club we charged could be liable only for negligence (1) in not properly policing the place; (2) in permitting beer cans and debris to litter the floor, and (3) in selling to an intoxicated member but only, in any event that if the negligence were found to exist, and if it was further found to be the proximate cause of the plaintiff's injuries. . .

"As to the defendant Club, the verdict rendering it liable, we believe should likewise stand, for it too, is a reasonable and understandable result insofar as the facts and the law are concerned. The jury found, we must conclude, that the Club was negligent, either in the accumulation of beer bottles and debris on the floor around the plaintiff's chair, or in the failure to exercise a proper policing of the premises, and that this negligence was the proximate cause of the injuries to the plaintiff. . .

"In this particular case, on these facts, and in view of the law, clearly established, now reviewed, and applied by two different juries, each finding the Club liable, we are most hesitant to intercede with that finding, and render a different judicial disposition of rights, which, though we believe to be relatively weak and somewhat tottery, are of sufficient merit to have entitled the plaintiff to have prevailed with the jury as he did. And if he is entitled to recovery, as the law and two juries have said that he is, we find the error existent in only the amount of the liability. Paring his recovery down to the bare bone of medical expenses alone, while understandable as a form of compromise, does not, we believe, render substantial justice to the case. For this reason, we hold that the liability of the defendant Club is correctly adjudicated and must stand, with only the right of a new trial to be had on the question of amount of the damages only".

Our review of the voluminous record, together with a consideration of the briefs of counsel and an examination of the many cases cited, leads us to conclude that the court below (1) was justified in refusing to grant the club's motion for judgment n.o.v., and (2) did not abuse its discretion in granting a new trial against the club defendant. It is our view, however, that the new trial was improperly limited to the question of damages, and that a general new trial must be awarded.

In considering a motion for judgment non obstante veredicto the verdict winner must be given the benefit of the evidence which is most favorable to him, together with all inferences therefrom: *Chambers v. Montgomery*, 411 Pa. 339, 192 A. 2d 355. Viewing the evidence in this light, we are not persuaded by the club's argument that the plaintiff failed to establish negligence on the part of the club, or that plaintiff was guilty of contributory negligence as a matter of law.

Although some of us might not have granted a new trial in the case at bar, the grant or refusal of a new trial will not be reversed on appeal in the absence of abuse of discretion or an error of law which controlled the outcome of the case: *Weed v. Kerr*, 416 Pa. 233, 205 A. 2d 858. In view of the lower court's conclusion that the verdict of the jury failed to accomplish substantial justice, we find no abuse of discretion. The grant of a new trial is an inherent power and immemorial right of the trial court, and its duty is to grant a new trial when convinced that the judicial process has resulted in the working of an injustice: *Gallihue v. Penn Fruit Co.*, 196 Pa. Superior Ct. 325, 175 A. 2d 96. And see *Getz v. Balliet*, 431 Pa. 441, 246 A. 2d 108.

As previously indicated, we are of the opinion that the court below erred in limiting the new trial to the issue of damages. Our most recent decision on this subject is *Gagliano v. Ditzler*, 213 Pa. Superior Ct. 238, 247 A. 2d 632, affirmed 437 Pa. 230, 263 A. 2d 319. In the words of Mr. Justice JONES in that case, "where a substantial conflict exists on the question of liability, such that a low verdict might indicate that the jury compromised the liability issue with the amount of damages awarded, it is an abuse of discretion for the lower court to grant a new trial limited to the issue of damages". In the instant case, the court below felt that plaintiff's right to recover was "relatively weak and somewhat tottery", and that the verdict was a compromise. It is manifestly unfair on this record to afford plaintiff a second chance on the issue of damages without also affording the defendant club a second chance on the issue of liability.

The order of the court below is modified by striking out the limitation of the new trial, and as so modified is affirmed.