Black, Appellant, *v.* Yellow Cab Company of Philadelphia.

Argued June 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*William H. Brown, III,* with him *Norris, Brown & Hall,* for appellant.

*Bernard J. Smolens,* with him *Schnader, Harrison, Segal & Lewis,* for appellee.

OPINION PER CURIAM, September 12, 1968:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
Plaintiff, William E. Black, was a passenger in a Yellow Cab on September 25, 1962. At the intersection of Haverford Avenue and 53rd Street, Philadelphia, the Yellow Cab struck another car. As a result of the impact, plaintiff was thrown from the back seat into the front seat and was knocked unconscious. He was taken in an unconscious state to the Misericordia Hospital, and after regaining consciousness, complained of severe pain in the chest, left shoulder, left and right arm, abdomen, and back. He was examined at the hospital and sent home.

After arriving home, plaintiff called his family physician, Dr. Walton R. Johnson, because he was still in pain. Dr. Johnson went to plaintiff's home, examined him, and sent him back to the hospital, where he was admitted to the ward service.

Dr. Johnson's diagnosis, upon examining plaintiff at his home, was that he was suffering from a pneumo-

thorax, an invasion of the plural cavity by a quantity of air, thereby causing a collapse of a lung due to trauma. The initial clinical diagnosis at the hospital was the same as Dr. Johnson's, and on September 25, 1962, the same day as the accident, a closed thoracotomy was performed. A closed thoracotomy involves the inserting of a tube through the chest wall into the area of the lung in order to eliminate a pneumothorax. This operation was unsuccessful and another was performed on September 28, 1962, which also proved to be unsuccessful.

On October 10, 1962, the hospital performed an open thoracotomy, and that operation showed that plaintiff had not suffered a pneumothorax, but rather, an emphysematous bulla. Plaintiff was kept in the intensive care unit three or four days and was finally released from the hospital on October 24, 1962.

In the court below, plaintiff contended, *inter alia*, that the accident caused a giant emphysematous bulla or a traumatic pneumothorax, or aggravated a preexisting condition. Defendant averred that the accident neither produced nor contributed to any of those results. Plaintiff's stated special damages were in excess of $2,300.00 and he lost approximately $2,300.00 in earnings during this period of incapacitation.

This case was tried without a jury, and the lower court made a finding in favor of plaintiff in the amount of $2,000.00 against all defendants. Plaintiff filed exceptions specifically alleging that the verdict was inadequate. The court en banc dismissed the exceptions and from their dismissal, this appeal has been taken.

Plaintiff's major contention is that the award below was patently insufficient and unconscionably low. The Court below, it must be noted, did not determine what portion of the medical losses were attributable

to any injuries which were a result of the accident, if any. Nor is it possible from the opinion of the lower court to determine whether it found any aggravation of a pre-existing condition. The only statement in the lower court opinion relevant to its findings of fact is the following: "But, and this is an emphatic 'but,' this problem [plaintiff's medical and surgical problem] and the sequential suffering and expense had nothing to do with the concerned accident and thus I could not consider the 'bulla' episode part of the passenger-cab episode." The gist of this statement is that the lower court found that the accident did not aggravate or in any way contribute to plaintiff's ailments and suffering. If this be so, then it is hard for me to conceive of awarding plaintiff any monies. It is my view that the trial court should have stated separately and distinctly the facts found and conclusions of law as they related to this particular case.

Notwithstanding the award made in this case, it is my opinion, after a comprehensive review of the record, that the lower court erred in not finding a causal link between the accident on September 25, 1962 and the subsequent medical problems suffered by the plaintiff.

Prior to the accident, plaintiff was employed as a bartender which brought him into contact with food products. Accordingly, the Philadelphia Department of Health required him to submit to periodic x-ray examinations of the chest for the purpose of detecting tuberculosis. Films made of plaintiff's chest from 1956 disclosed an emphysematous bulla, an air sac which develops in the lungs. This bulla had gotten progressively worse during the period of 1956 through 1961, the date of the last x-ray.

The testimony further indicated that plaintiff had not suffered any prior disability because of the bulla,

which had been present before the accident. Plaintiff testified that the City never suggested any further medical treatment for the condition nor was he precluded from handling food products. He stated that he was quite active in athletics prior to the accident and suffered no discomfort from the bulla. Plaintiff's mother, a registered nurse, testified that plaintiff had not complained of any disability or discomfort from the bulla and had been quite active prior to the accident. Dr. Johnson, who had been plaintiff's family doctor for a number of years, testified that he had treated plaintiff for a substantial period of time prior to the accident and that his health had been quite good. Dr. Johnson stated that he treated plaintiff for minor colds and congestion as well as some urinary problem, but never with regard to any ailment resulting from the bulla. It is also noteworthy that defendant in no way refuted or discredited the testimony to support plaintiff's good health prior to the accident.

Plaintiff testified that subsequent to the accident and operation, he could not participate in athletics as he had done previously and suffered other discomforts not heretofore experienced. Dr. Johnson testified that it was his opinion that plaintiff had a permanent disability insofar as it related to heavy exertion.

The record discloses that "causation" could have been proven either as a result of the impact of the accident or as an aggravation to this pre-existing condition. Plaintiff readily admits to having a bulla prior to the accident, but emphatically stated that he had no health complications as a result thereof. This testimony was more than adequately supported by the statements of his mother and his family physician.

The record illustrates further that the resultant effects of the accident, namely, the medical treatment, can not be precisely pinned down to a single, direct

cause. Nevertheless, the record is devoid of any evidence from which the lower court could reasonably infer there was no causal relationship between the accident and the subsequent medical and surgical problems of plaintiff.

The testimony of the defendants consisted of medical experts who had treated plaintiff. The main thesis of their testimony concerned the open thoracotomy and the development of plaintiff's pre-existing condition. Admittedly, two physicians for defendant stated that the size of the bulla had not changed, after viewing x-rays, from before the accident to after the accident. But, they did not in any way explain why plaintiff suffered pain immediately after the accident and an operation had to be performed soon thereafter.

In my opinion, Dr. Johnson succinctly stated on cross-examination the keynote to prove causation, "Well, the only way I can answer that [why plaintiff needed an operation] is that if we are going to assume that he had the blebs (bulla) before and he had had no trouble with them then, then I see no reason why we should assume that suddenly on the 25th or 26th, or whenever the operation was performed, he could have needed the operation for the blebs." [NT 148] Both Dr. Johnson and Dr. Minton stated that it was their opinion that the plaintiff's condition subsequent to the accident was a result of the accident.

In summary, to blandly state that plaintiff's resulting condition subsequent to the accident was in no way related to the accident is to disregard uncontradicted, competent medical testimony. Furthermore, in light of the particular facts of this case, it is beyond the bounds of common sense to say that plaintiff's condition subsequent to the accident, when he previously enjoyed good health, was merely coincidental with the time of the accident. Whether the accident injured

plaintiff directly or aggravated his pre-existing condition is immaterial. Rather, the facts clearly illustrate that as a result of this accident, plaintiff suffered a great amount of physical pain and has some permanent disability as a result thereof.

I would hold that the award made by the court below is inadequate and remand the case for a new trial on damages alone. *Troncatti v. Smereczniak*, 428 Pa. 7, 235 A. 2d 345 (1967).[1]

---

[1] Since the record indicates that the trial court found that all defendants were negligent and that the plaintiff was not contributorily negligent, there is no need to relitigate liability.